■ In the Matter of CATHY FRANCO, Appellant, v PHILIP DOYLE, Respondent. [679 NYS2d 413] —In a child support proceeding pursuant to Family Court Act article 4, the mother appeals from an order of the Family Court, Suffolk County (Dounias, J.), dated May 22, 1997, which denied her objections to an order of the same court (Lynaugh, H.E.), dated March 13, 1997, which, after a hearing, inter alia, granted the father's application for a downward modification of child support.

Ordered that the order is affirmed, with costs.

The parties were divorced in October 1989 and the child support provisions of their June 1989 stipulation of settlement were incorporated by reference into the judgment of divorce. In August 1993 the father petitioned the Family Court for a downward modification of child support. At that time, the father was paying $243.02 per week for the support of one child. By order dated December 28, 1994, the petition was denied. Thereafter, the father filed another petition for a downward modification of child support. After an extensive hearing at which the father testified to the changes to his employment and income for the period subsequent to December 1994 until the date of the hearing, the Hearing Examiner issued an order dated May 15, 1996, in which she found that there had been a substantial change in circumstances, and reduced the father's support obligation.

Thereafter, by order dated October 17, 1996, the Family Court (Dunn, J.), sustained the mother's objections to the Hearing Examiner's order. The court found that in determining whether there had been a change in circumstance, the Hearing Examiner had erroneously considered the period prior to December 1994, and that the Hearing Examiner should have considered only the period after December 1994. The court remitted the matter to the Hearing Examiner for "a new hearing consistent with this decision".

Subsequently, the parties appeared before the Hearing Examiner, at which time the Hearing Examiner stated that since there had already been an extensive hearing covering the relevant period, she would not conduct a new hearing, but would merely resubmit a redetermination to the Judge. None of the parties objected to the procedure. On March 13, 1997, the Hearing Examiner issued an order stating that upon

reconsideration and review of the testimony covering the period subsequent to December 1994, she adhered to her determination that there was a substantial change in circumstance warranting downward modification. The mother's objections to the Hearing Examiner's order were denied, and she appeals.

Contrary to the mother's contentions, the Hearing Examiner did not err in failing to hold a new hearing. When the parties appeared before the Hearing Examiner on March 10, 1997, neither the mother nor her attorney raised any objection when the Hearing Examiner stated that in light of the hearing which had already been conducted, no new hearing would be held. Thus, the mother waived her right to the hearing. In any event, the record shows that during the hearing conducted between March and May of 1996 the father testified extensively to the changes in his employment and income for the period between December 1994 and the date of the hearing. Consequently, it was not necessary for the Hearing Examiner to conduct a new hearing in order to make a new determination.

The record further shows that the father established a substantial change in circumstance during the period subsequent to December 1994 to warrant a reduction in the child support amount. Bracken, J. P., Copertino, Goldstein and McGinity, JJ., concur.