◼ In the Matter of COLUMBIA COUNTY SUPPORT COLLECTION UNIT, on Behalf of JOHN ANTHONY, Respondent, v JENNIFER DEMERS, Appellant. [814 NYS2d 802]—

Carpinello, J. Appeal from an order of the Family Court of Columbia County (Czajka, J.), entered July 7, 2004, which, inter alia, granted petitioner's application, in a proceeding pursuant to Family Ct Act article 4, to find respondent in willful violation of a prior support order.

Family Court correctly determined that respondent willfully violated a prior order of child support. The testimony of a child support investigator employed by petitioner established that re-

spondent owed over $10,000 in child support arrears. This testimony, which was uncontroverted, constituted prima facie evidence of a willful violation (*see* Family Ct Act § 454 [3] [a]; *Matter of Powers v Powers*, 86 NY2d 63, 69 [1995]). The burden then shifted to respondent to rebut this prima facie showing by offering some competent, credible evidence of her inability to make the required payments (*see Matter of Powers v Powers, supra; see also* Family Ct Act § 455 [5]). This she failed to do.

While respondent claims that her various medical ailments preclude her from obtaining any employment whatsoever, she failed to present credible medical evidence to substantiate this claim (*see e.g. Matter of Fogg v Stoll*, 26 AD3d 810 [2006]; *Matter of Castillo v Castillo*, 23 AD3d 653, 654 [2005]; *Matter of Hayes v Hayes*, 294 AD2d 681, 682 [2002]; *Matter of Feliciano v Nielsen*, 282 AD2d 783, 784 [2001]; *Matter of Crystal v Corwin*, 274 AD2d 683, 684-685 [2000]; *Matter of Nickerson v Bellinger*, 258 AD2d 688 [1999]; *compare Matter of Bukovinsky v Bukovinsky*, 299 AD2d 786 [2002], *lv dismissed* 100 NY2d 534 [2003]). Respondent also argues that the support magistrate erred in not admitting her medical records into evidence at the hearing. In the absence of the required certification or authentication (*see* CPLR 4518 [c]), and in the absence of independent evidence establishing the foundational requirements for admissibility (*see* CPLR 4518 [a]), we are unable to conclude that this ruling was in error (*see generally Matter of Bronstein-Becher v Becher*, 25 AD3d 796 [2006]).

Crew III, J.P., Peters, Lahtinen and Kane, JJ., concur. Ordered that the order is affirmed, without costs.