■ In the Matter of HOLLI A. STRAIGHT, as Senior Child Support Examiner for the Commissioner of Social Services of Saratoga County, on Behalf of KIM DECKER, Respondent, v RONALD SKINNER, Appellant. (And Another Related Proceeding.) [823 NYS2d 277]—

Mercure, J. Appeal from an order of the Family Court of Saratoga County (Abramson, J.), entered July 25, 2005, which, inter alia, granted petitioner's application, in two proceedings pursuant to Family Ct Act article 4, to find respondent in willful violation of a prior order of support.

Petitioner commenced a proceeding on behalf of Kim Decker, alleging that respondent had violated a support order by, among other things, failing to make required child support payments. Following a hearing, a Support Magistrate found that respondent had willfully violated the support order. Family Court denied respondent's subsequent objections, confirming the finding of willfulness and sentencing respondent to 60 days in jail. Respondent appeals and we now affirm.*

We reject respondent's argument that Family Court erred in determining that he willfully violated the prior support order. Respondent concedes that petitioner presented prima facie evidence of a willful violation by demonstrating that he was not in compliance with his obligations and, therefore, he bore the burden of establishing "his inability to make the required payments" by "competent, credible evidence" (*Matter of Powers v Powers*, 86 NY2d 63, 70 [1995]; *see Matter of Columbia County Support Collection Unit v Demers*, 29 AD3d 1092, 1093 [2006], *lv denied* 7 NY3d 708 [2006]). Although respondent's family physician, Richard Pitkin, testified that respondent was disabled from doing physical or manual work due to an arthritic condition, Pitkin conceded that his opinion was based solely on respondent's subjective complaints, rather than any objective testing. Moreover, petitioner presented conflicting testimony—supported by photographs at the hearing—from other witnesses showing that respondent had engaged in splitting firewood, building a retaining wall, raking leaves and shoveling snow. According deference to Family Court's credibility assessments, we conclude that the court properly determined that respondent failed to meet his burden of going forward and that petitioner sustained her burden of proving a willful violation (*see Matter of Columbia County Support Collection Unit v Demers, supra* at 1093; *Matter of Freedman v Horike*, 26 AD3d 680, 681-682 [2006]).

---

* Respondent's petition seeking downward modification of the support order was dismissed and he has not appealed in that regard.

Respondent's remaining argument has been considered and found to be lacking in merit (*see Matter of Powers v Powers, supra* at 68-69).

Cardona, P.J., Crew III, Peters and Spain, JJ., concur. Ordered that the order is affirmed, without costs.