In the Matter of JAMES A. LATIMER, Appellant, v TERRIE J. CARTIN, Known as TERRIE J. LATIMER, Respondent. [870 NYS2d 554]—

Malone Jr., J.

Petitioner (hereinafter the father) and respondent (hereinafter the mother) were married in 1979 and divorced in 1994. As is pertinent here, a 2000 Family Court order set forth the father's support obligation with respect to three of the parties' minor children who resided with the mother. However, after being charged with professional misconduct by the Bureau of Professional Medical Conduct, the father voluntarily surrendered his license to practice medicine in 2005. Two months later, the father filed a petition for downward modification of his child support obligation on the basis of, among other things, the surrender of his license and a subsequent loss of income

and earning capacity.[1] Following a hearing, the Support Magistrate concluded, among other things, that the father had failed to meet his burden of proving an involuntary and unavoidable change in financial circumstances or that he made reasonable and diligent efforts to obtain employment, and declined to downwardly modify his support obligation on these grounds. Family Court denied the father's objections to the Support Magistrate's order, prompting this appeal.[2]

Initially, we reject the mother's contention that appellate review is precluded due to the father's failure to timely file objections to the Support Magistrate's order (see Family Ct Act § 439 [e]). Strict adherence to the deadlines of Family Ct Act § 439 (e) is not required and we do not find Family Court's decision to review the merits of the father's objections—which were filed one day after the statutory deadline—to have been an abuse of discretion (see Rossiter v Rossiter, 56 AD3d 1011, 1011-1012 [2008]; Matter of Ogborn v Hilts, 262 AD2d 857, 858 [1999]).

Turning to the merits, "[a] child support obligation is not determined solely by a parent's current financial situation, but by his or her ability to provide support and, in the absence of a good-faith effort to seek reemployment after job loss, modification of the parent's [child] support obligation is unwarranted" (Matter of Freedman v Horike, 26 AD3d 680, 682 [2006]; see Matter of Bianchi v Breakell, 48 AD3d 1000, 1003 [2008]; Matter of Holscher v Holscher, 4 AD3d 629, 630 [2004], lv denied 3 NY3d 606 [2004]). Upon our review, and according due deference to the trier of fact on issues of credibility (see Matter of Holscher v Holscher, 4 AD3d at 630), we find that the record amply supports the Support Magistrate's determination that the father failed to make reasonable and diligent efforts to obtain employment and, accordingly, a reduction of his support obligation was unwarranted (see Matter of Freedman v Horike, 26 AD3d at 682).

The father's remaining contentions, including his claims regarding the circumstances of the surrender of his license to practice medicine and his assertion that the Support Magistrate

---

1. The father also sought modification of his child support obligation because one of the children was due to turn 21. His support was modified on this basis, and this modification is not at issue on appeal.

2. To the extent that the father's notice of appeal contains an inaccurate date of entry for Family Court's order, we will exercise our discretion and treat the notice as valid (see CPLR 5520 [c]; Matter of West Beekmantown Neighborhood Assn., Inc. v Zoning Bd. of Appeals of Town of Beekmantown, 53 AD3d 954, 955 n [2008]).

improperly precluded him from presenting certain evidence at trial, have been considered and found to be either without merit or rendered academic due to the decision herein.

Mercure, J.P., Carpinello, Rose and Kane, JJ., concur. Ordered that the order is affirmed, without costs.

