OPINION OF THE COURT
Timothy J. Lawliss, J.
Shelby T. filed a petition with this court seeking an order of *634 support for the benefit of Delaney L. and Dorsey L. Support Magistrate Michael J. Howley held a hearing in the matter and thereafter issued an order of support and findings of fact, finding that Michael L.’s presumptively correct child support obligation was $547 semimonthly. The Support Magistrate further found the presumptive award unjust and/or inappropriate and deviated downward to an obligation of $500 semimonthly. On November 5, 2008, Michael L. filed written objections with this court.
On November 13, 2008, Shelby T. filed written objections with the court. The court will not consider Shelby T.’s written objections as they were untimely filed. Pursuant to Family Court Act § 439 (e), objections must be filed within 35 days after the mailing of the order to the parties. (See Matter of Latimer v Cartin, 57 AD3d 1264 [3d Dept 2008]; Rossiter v Rossiter, 56 AD3d 1011 [3d Dept 2008]; Matter of Bodouva v Bodouva, 53 AD3d 483 [2d Dept 2008].) The court mailed the order of support to the parties on October 7, 2008. Thus, the deadline for the filing of objections was November 11, 2008.
Michael L. raises numerous arguments in his objections which Shelby T. responded to in her written rebuttal filed with the court on November 17, 2008. The court has considered each objection point and each rebuttal argument. The court, for reasons discussed subsequently, will be issuing a new order in this matter. Therefore, the court will not address every argument raised by Michael L. One of Michael L.’s arguments is that the Support Magistrate erred when he included the parties’ respective federal and state tax refunds in the parties’ incomes for purposes of calculating support.[1] The court concurs.
The court finds including tax refunds in income for child support purposes results in the double counting of those refunds for purposes of calculating an individual’s child support obligation. Child support is not established based upon an individual’s net income after taxes. The Child Support Standards Act provides for few deductions from gross income before arriving at adjusted gross income for child support purposes. (See Family Ct Act § 413 [1] [b] [5] [vii].) With a few additional deductions, applicable in only some cases, the basic deductions are Social Security and Medicare taxes (Federal Insurance Contributions Act [FICA]). (See Family Ct Act § 413 [1] [b] [5] [vii] [H].) Ad *635 ditional federal and state taxes are not deducted for purposes of calculating income for child support purposes.[2]
Hypothetically, if in 2008 an individual earns $50,000 and has no other specified deductions, that individual’s income for child support purposes would be $46,175 ($50,000 minus FICA [7.65%]). Assume that same individual receives a $5,000 federal tax refund in 2009 based upon his income tax return for the 2008 year. Assume also that the individual again earns $50,000 in 2009. If that individual’s tax refund is included, his or her income for child support purposes in 2009 would be $51,175 ($50,000 minus FICA plus $5,000). Under this hypothetical, the $5,000 earned once in 2008 would count as income for child support purposes in both 2008 and 2009. This result would be unjust.
Accordingly, the court disagrees with the Support Magistrate’s decision to include the tax refunds as income when establishing the parties’ respective incomes for child support purposes. (But see Matter of Plog v Plog, 258 AD2d 713 [3d Dept 1999] [it appears tax refunds were included in the payor’s income, but it does not appear that the inclusion was one of the issues on appeal and there was no discussion as to the basis for inclusion of the tax refunds].)
Upon establishing the parties’ respective income for child support purposes, the Support Magistrate made findings both with regard to deviating from the presumptively correct award and consideration of income over $80,000. As those findings were made after including the tax refunds as part of the parties’ income, those findings must be reconsidered utilizing the parties’ income absent the refunds.
The court has two alternatives: (1) remand the matter for further consideration consistent with this court’s findings; or (2) issue a new order. (See Family Ct Act § 439 [e].) The record in this matter was extensive. Further, the Support Magistrate made a number of findings (such as each parties’ respective income absent the tax refunds and findings concerning the cost and availability of health insurance) which were not objected to. Thus, the court will utilize those findings and will issue a new order based upon the record it has before it.
Based upon the findings set forth above, Michael L.’s objection is granted and Shelby T.’s objection is denied as untimely; and, the Support Magistrate’s order of support (bearing docket *636 No. F-00521-08) is hereby vacated; and, the court shall issue amended findings of fact and order of support.

. The refund(s) totaled $6,044 for Michael L. and $9,909 for Shelby T.

. An exception does exist for some city taxes not relevant here.