1054

In the Matter of COLLEEN F. SUTTON-MURLEY, Respondent, v DEVIN A. O'CONNOR, Appellant. [877 NYS2d 480]—

Peters, J. Appeal from an order of the Family Court of Ulster County (McGinty, J.), entered May 6, 2008, which granted petitioner's application, in a proceeding pursuant to Family Ct Act article 4, to hold respondent in willful violation of a prior order of support.

Respondent was charged with willful violation of a support order which required payment of $70 per week as support for the parties' child. Following a hearing, during which respondent claimed that he suffered from a psychiatric disability, a Support Magistrate found that respondent had willfully violated the order, but recommended that no action be taken by Family Court if respondent produced evidence that he suffered from such a disability. After a hearing, Family Court determined that respondent failed to produce competent medical evidence that his mental condition rendered him unable to maintain employment, confirmed the finding of willful violation and committed respondent to a conditional term of 90 days in jail. Respondent appeals.

The Support Magistrate's representation at the initial appearance that respondent's income was too high for him to qualify for assigned counsel did not deprive him of his statutory right to counsel. A person has the right to the assistance of counsel "in any proceeding before the court in which an order or other determination is being sought to hold such person in contempt of the court or in willful violation of a previous order of the court" (Family Ct Act § 262 [a] [vi]; see Family Ct Act § 261). Here, the Support Magistrate fully complied with the requirements of Family Ct Act § 262 by advising respondent of his right to counsel and the right to assigned counsel if he could not afford to retain one, and granting an adjournment to allow

respondent to retain counsel. While further investigation into respondent's financial status by the Support Magistrate would have been desirable, under the circumstances of this case we cannot conclude that respondent was deprived of his right to counsel. Respondent subsequently became unemployed, applied for and was assigned an attorney to represent him, and counsel was provided with a full opportunity to submit proof on the issue of respondent's inability to make the required child support payments (compare Matter of Keenan v Keenan, 51 AD3d 1075, 1077-1078 [2008]; Matter of DeMarco v Raftery, 242 AD2d 625, 626-627 [1997]).

Turning to his challenge to Family Court's finding of willful violation, respondent concedes that he failed to make payments required by the support order, "which constitutes prima facie evidence of a willful violation" (Matter of Zepperi v Madera, 56 AD3d 988, 989 [2008]; see Family Ct Act § 454 [3] [a]). Thus, the only issue before us is whether he met his burden "to offer some competent, credible evidence of his inability to make the required payments" sufficient to rebut that showing (Matter of Powers v Powers, 86 NY2d 63, 69-70 [1995]; see Matter of Mitchell v Rockhill, 45 AD3d 1140, 1141 [2007]).

At the confirmation hearing, respondent claimed that his mental condition interfered with his ability to work and currently rendered him unable to work. In support of this claim, he submitted medical records concerning psychiatric treatment that he received from March to August 2005 and again from December 2007 to January 2008. While these medical records reveal that respondent suffers from depression and an unspecified mood disorder, they also indicate that he was either employed or looking for work during that time and do not suggest that respondent could not, or should not, work. Simply stated, there is no competent medical proof that his mental condition prevented him from maintaining employment (see Matter of Greene v Holmes, 31 AD3d 760, 762 [2006]; Matter of Snyder v Snyder, 277 AD2d 734, 734 [2000]; Matter of Nickerson v Bellinger, 258 AD2d 688, 688-689 [1999]). Furthermore, despite respondent's claim that his mental illness prevented him from pursuing employment, evidence was presented that he routinely engaged in recreational activities with friends (see Matter of Nickerson v Bellinger, 258 AD2d at 689; Matter of Gerzack v Gerzack, 87 AD2d 612, 612 [1982]). According deference to Family Court's credibility assessments (see Matter of Straight v Skinner, 33 AD3d 1175, 1176 [2006]; Matter of Crystal v Corwin, 274 AD2d 683, 685 [2000]), we find no basis to disturb its finding that respondent failed to produce credible

and competent proof of his inability to make the required payments.

Mercure, J.P., Lahtinen, Kane and Malone Jr., JJ., concur. Ordered that the order is affirmed, without costs.