In the Matter of KIM VICKERY, Respondent, v BRETT VICKERY, Appellant. [880 NYS2d 724]—

Cardona, P.J. Appeals (1) from an order of the Family Court of Ulster County (Mizel, J.), entered May 20, 2008, which, among other things, granted petitioner's application, in a proceeding pursuant to Family Ct Act article 4, to hold respondent in willful violation of a prior order of support, and (2) from an order of said court, entered May 20, 2008, which committed respondent to the Ulster County Jail for a period of six months.

The parties herein are the parents of two sons (born in 1995 and 1999). In January 2008, petitioner commenced this proceeding alleging that respondent had violated an order of support requiring that he pay $234 biweekly in child support. At a hearing before a Support Magistrate, respondent admitted to being in arrears but claimed that, after unavoidably losing his job with the United States Postal Service, he was unable to secure

employment due primarily to his disabling back condition. The Support Magistrate found respondent in willful violation of the support order. Thereafter, following a hearing, Family Court confirmed the Support Magistrate's finding of willfulness, found respondent to be in arrears, and imposed a sentence of six months of incarceration—the terms of which would be suspended upon, among other things, payment in full of the child support arrears within a specified period.* Respondent appeals and we affirm.

Initially, to the extent respondent contends that the Support Magistrate improperly shifted the ultimate burden of proof, we note that any alleged error was "rendered thoroughly inconsequential by Family Court's own independent review of the record" (*Matter of Powers v Powers*, 86 NY2d 63, 69 [1995]). With regard to the burden of proof, respondent's acknowledgment that he failed to make the required child support payments since November 2007 constituted prima facie evidence of his willful violation of the support order (*see id.* at 69; *Matter of Zepperi v Madera*, 56 AD3d 988, 989 [2008]). The burden then shifted to respondent to rebut the evidence of willfulness by "offer[ing] some competent, credible evidence of his inability to make the required payments" (*Matter of Powers v Powers*, 86 NY2d at 69-70; *see Matter of Holbert v Rifanburg*, 39 AD3d 902, 903 [2007]). This respondent failed to do.

Although respondent claimed that his alleged debilitating back condition rendered him unable to obtain employment in order to meet his support obligations, he did not present any competent medical proof in support thereof (*see Matter of Sutton-Murley v O'Connor*, 61 AD3d 1054, 1055-1056 [2009]; *Matter of Columbia County Support Collection Unit v Demers*, 29 AD3d 1092, 1093 [2006], *lv denied* 7 NY3d 708 [2006]). Rather, Family Court found respondent's evidence on this issue to lack credibility, particularly given respondent's medical records revealing only intermittent treatment over a 10-year period with no restrictions concerning employment. Family Court also did not find credible respondent's testimony regarding his diligent efforts to regain employment following his discharge for cause from the United States Postal Service. According deference to Family Court's credibility assessments (*see Matter of Sutton-Murley v O'Connor*, 61 AD3d at 1055-1056), we find no reason to disturb its determination that respondent failed to present competent and credible proof of his inability to comply with the child support order.

---

* The record indicates that respondent paid the outstanding child support arrears and the commitment order was conditionally suspended.

Mercure, Kavanagh, Stein and McCarthy, JJ., concur. Ordered that the orders are affirmed, without costs.