In the Matter of MARK FREEDMAN, Appellant, v REGAN HORIKE, Respondent. (And Another Related Proceeding.) [891 NYS2d 173]—

Mercure, J.

The underlying facts of this matter are more fully set forth in our three prior decisions involving the parties' disputes over the custody and support of their children (*see Matter of Horike v*

*Freedman*, 37 AD3d 978 [2007]; *Matter of Freedman v Horike*, 29 AD3d 1093 [2006]; *Matter of Freedman v Horike*, 26 AD3d 680 [2006]). Briefly, the parties are the divorced parents of two children (born in 1990 and 1998). Following our most recent decision, they entered into a stipulation of settlement, memorialized in an order upon consent dated December 19, 2007, which provided that the total amount of child support arrearage as of June 2007—approximately $50,000—would "be in judgment," and that all underlying child support would continue but petitioner (hereinafter the father) was not barred from filing a future petition to modify support due after June 29, 2007.

On December 31, 2007, the father commenced the first of these proceedings, seeking a downward modification of child support, asserting that his employment had terminated and his income was below the poverty level. Shortly thereafter, respondent (hereinafter the mother) filed a petition alleging that the father willfully violated a September 2006 support order. The father also filed orders to show cause seeking reinstatement of his driving privileges and vacatur of an order dismissing another support modification petition.

Following a hearing, a Support Magistrate dismissed the father's petition and motions, and found the father in willful violation of the prior order. Family Court denied the father's objections to the Support Magistrate's determination, prompting this appeal.

We affirm. With respect to the father's argument that he did not willfully violate the prior support order, it is undisputed that he did not meet his support obligations. Thus, he bore the burden of demonstrating "his inability to make the required payments" by "competent, credible evidence" (*Matter of Powers v Powers*, 86 NY2d 63, 70 [1995]; *see Matter of Vickery v Vickery*, 63 AD3d 1220, 1221 [2009]). Furthermore, in connection with his request for a modification of support, it was the father's burden to "establish a sufficient change in circumstances warranting the requested downward modification" (*Matter of Heyn v Burr*, 6 AD3d 781, 782 [2004]). Particularly relevant here, a child support obligation turns on a parent's ability to provide support, rather than the parent's current financial situation (*see Matter of Latimer v Cartin*, 57 AD3d 1264, 1265 [2008]; *Matter of Heyn v Burr*, 6 AD3d at 782).

In our view, the father has failed to meet these burdens. Although the father indicates that he is disabled and on public assistance but nonetheless engaged in a diligent job search, we note that he failed to submit any competent medical proof to support his claim of disability (*see Matter of Vickery v Vickery*,

63 AD3d at 1221; *Matter of Holbert v Rifanburg*, 39 AD3d 902, 903 [2007]). Furthermore, Family Court found that the proof of his actual income and the diligence of his efforts to find employment was insufficient, and that his testimony regarding the same lacked credibility. In any event, the father's long-standing, voluntary reduction of his income and concomitant receipt of public assistance do not constitute a substantial change in circumstances herein. According due deference to the trier of fact, we conclude that the record amply supports Family Court's determination that respondent willfully violated the prior support order and that a downward modification of support was unwarranted (*see Matter of Vickery v Vickery*, 63 AD3d at 1221; *Matter of Latimer v Cartin*, 57 AD3d at 1265; *Matter of Holbert v Rifanburg*, 39 AD3d at 903; *Matter of Heyn v Burr*, 6 AD3d at 782-783).

The father's remaining arguments are either rendered academic by our decision, unpreserved, not properly before us or, upon consideration, have been found to be lacking in merit.

Cardona, P.J., Spain, Malone Jr. and Kavanagh, JJ., concur. Ordered that the order is affirmed, without costs.