■ In the Matter of TRACY N. LEWIS, Respondent, v DIANA C. CROSS, Appellant. [897 NYS2d 783]—

Stein, J. Appeals (1) from an order of the Family Court of Ulster County (McGinty, J.), entered February 25, 2009, which granted petitioner's application, in a proceeding pursuant to

---

Family Ct Act article 4, to hold respondent in willful violation of a prior order of support, and (2) from an order of said court, entered February 25, 2009, which committed respondent to the Ulster County Jail for a period of 45 days.

In March 2008, petitioner (hereinafter the father) filed a petition against respondent (hereinafter the mother) seeking an order of child support for their two children. After the mother failed to appear in response to the petition, a Support Magistrate issued a default order of support in June 2008 setting the mother's share of the basic child support at $100 weekly. Ultimately, after subsequent petitions filed by the parties were determined by the Support Magistrate,[1] the father filed the instant violation petition. A hearing was held before a Support Magistrate, who determined that the mother was in willful violation of the June 2008 order of support and recommended a 90-day period of incarceration if the mother failed to make timely future payments, but that no sanction should be applied if the mother could supply satisfactory medical proof of her alleged inability to work due to a medical condition. The Support Magistrate then referred the matter to Family Court for confirmation in accordance with Family Ct Act § 439 (a). After holding a confirmation hearing, Family Court found the mother to be in willful violation of the order of support and committed her to jail for a period of 45 days. The mother now appeals the finding of willfulness and the order of commitment.

Inasmuch as the mother has fully served the term of incarceration imposed, her appeal from the order of commitment is dismissed as moot (see Matter of Lind v Sepulveda, 66 AD3d 1087, 1087 [2009]). Furthermore, we disagree with the mother's contention that the finding of willfulness was improper. In order to establish a prima facie case of willful violation, the father had the initial burden of coming forward with evidence that the mother had failed to obey a lawful order of support (see Family Ct Act § 454 [3] [a]; Matter of Armstrong v Belrose, 9 AD3d 625, 626 [2004]; Matter of Delaware County Dept. of Social Servs. v Brooker, 272 AD2d 835, 836 [2000]). Here, a representative of the Ulster County Child Support Enforcement Unit provided unrefuted testimony at the hearings before the Support Magistrate and Family Court that the child support arrears exceeded

1. Such petitions included a violation petition filed by the father and several modification petitions filed by the mother. They were concluded either on consent or based on the mother's failure to either appear or proceed, with the exception of two of the mother's modification petitions, which were dismissed without prejudice as facially insufficient. There is no evidence in the record before us that any of the pertinent court orders were appealed.

$6,000. This testimony, together with the court's own records, including the initial order of support—of which the court was permitted to take judicial notice (*see People v Byrd*, 57 AD3d 442, 443 [2008], *lv dismissed and denied* 12 NY3d 795 [2009]; *Musick v 330 Wythe Ave. Assoc., LLC*, 41 AD3d 675, 676 [2007]; *Rothstein v City Univ. of N.Y.*, 194 AD2d 533, 535 [1993]) —established the father's direct case and shifted the burden to the mother to demonstrate her inability to make the required payments (*see Matter of Powers v Powers*, 86 NY2d 63, 69 [1995]).

In that regard, the mother testified that her medical condition prevented her from working and, thus, paying child support. Although she supplied some medical documentation that indicated, among other things, that she had "mild tendonosis" and "minimal bulging of the disk," causing her discomfort, the medical reports gave no indication that such conditions affected her ability to work (*see Matter of Sutton-Murley v O'Connor*, 61 AD3d 1054, 1055 [2009]; *Matter of Nickerson v Bellinger*, 258 AD2d 688, 689 [1999]). Furthermore, while the mother presented multiple accounts of her alleged attempts at finding employment and excuses for failing to succeed thereat, she never alleged that she was completely unable to work.[2] According deference to Family Court's credibility assessments (*see Matter of Vickery v Vickery*, 63 AD3d 1220, 1221 [2009]), we find no reason to disturb its determination that the mother failed to demonstrate her inability to comply with the child support order.

Nor do we find merit to the mother's contention that she was denied the effective assistance of counsel. Our review of the record reveals that she was provided with meaningful representation throughout the proceedings—even when she failed to appear. The mother has not established that the claimed deficiencies were not attributable to legitimate trial tactics or that they rise to a constitutional dimension (*see Matter of Gerald BB.*, 51 AD3d 1081, 1083 [2008], *lv denied* 11 NY3d 703 [2008]; *Matter of Amanda M.*, 28 AD3d 813, 815 [2006]).

We have considered the mother's remaining contentions and find them to be unavailing.

Mercure, J.P., Spain, Rose and Lahtinen, JJ., concur. Ordered that the order entered February 25, 2009 finding that respondent willfully violated a prior order of support is affirmed, without costs. Ordered that the appeal from the order entered February 25, 2009 committing respondent to jail is dismissed, as moot.

---

2. Notably, there is no record evidence that the mother made a single child support payment.