■ In the Matter of Deborah Beth Estrin, Respondent, v Edmond John Yerry, Appellant. (And Another Related Proceeding.) [913 NYS2d 834]—

Kavanagh, J. Appeal from four orders of the Family Court of Ulster County (Mizel, J.), entered January 14, 2010 and January 20, 2010, which granted petitioner's applications, in two proceedings pursuant to Family Ct Act article 4, to hold respondent in willful violation of a prior order of support and committed him to one year in jail.

Pursuant to a 2007 Family Court order, respondent is required to pay petitioner $140 per week to support their child (born in 2000). In September 2008, petitioner brought the first of these two proceedings alleging that respondent had willfully violated the support order because he had not paid child support for five months. A Support Magistrate found that respondent had willfully violated the support order and recommended that he be incarcerated, but that the period of incarceration be suspended to provide him with an opportunity to become compliant. Upon referral to Family Court (*see* Family Ct Act § 439 [a]) and, after a hearing, Family Court—in an order entered in July 2009—confirmed the finding of the Support Magistrate that respondent's failure to pay was willful and issued a six-month suspended sentence of incarceration, conditioned upon him paying support. Respondent did not appeal from this order.

One month later, petitioner brought another petition alleging that respondent had again willfully violated the support order. The Support Magistrate once again found a willful violation and referred the matter to Family Court. A hearing was conducted in which respondent acknowledged not making the required

payments and Family Court, in an order entered in January 2010, found that his failure was willful and imposed a six-month jail sentence for this violation. The court issued a second order vacating the suspension of the six-month sentence that he had received for the July 2009 violation. Respondent now appeals from these January 2010 orders.

Respondent first argues that the Support Magistrate's initial finding that he willfully violated the order to pay child support, and Family Court's subsequent confirmation of that order, should be set aside because of fundamental errors made by the Support Magistrate in that earlier proceeding. Specifically, respondent claims that the Support Magistrate never advised him of his right to counsel, and counsel was first assigned to him during the confirmation proceeding in Family Court. However, respondent did not raise this issue when represented by counsel in Family Court and did not, as previously noted, appeal from the July 2009 order confirming the Support Magistrate's finding of willfulness. As such, any errors regarding this order are not properly before this Court (see Matter of Clark v Clark, 61 AD3d 1274, 1275 [2009], lv denied 13 NY3d 702 [2009]).

Respondent also claims that Family Court erred by finding in January 2010 that his failure to pay child support was willful. Given his concession that he did not make the required payments, respondent, to avoid a finding of willfulness, had to establish at the hearing that he was unable to make those payments (see Matter of Lewis v Cross, 72 AD3d 1228, 1229-1230 [2010]; Matter of Chamberlain v Chamberlain, 69 AD3d 1249, 1250 [2010]; Matter of Vickery v Vickery, 63 AD3d 1220, 1221 [2009]). In that regard, we note that while these proceedings were pending, respondent made two applications for a downward modification of his child support obligation and both were dismissed because respondent failed to present sufficient evidence establishing his inability to pay. Moreover, during this period, when he was not making the required payments, respondent received unemployment benefits and, for a time, was gainfully employed. Given the due deference accorded Family Court's credibility determinations (see Matter of Vickery v Vickery, 63 AD3d at 1221), we find no reason to disturb its determination that respondent's nonpayment was willful.

Peters, J.P., Rose, Lahtinen and Egan Jr., JJ., concur. Ordered that the orders are affirmed, without costs.