■ In the Matter of TRACY N. LEWIS, Respondent, v DIANA C. CROSS, Appellant. [913 NYS2d 836]—

Malone Jr., J. Appeal from an order of the Family Court of Ulster County (McGinty, J.), entered March 10, 2010, which granted petitioner's application, in a proceeding pursuant to Family Ct Act article 4, to find respondent in willful violation of a prior order of support.

In June 2008, a default order was entered directing respondent (hereinafter the mother) to pay petitioner (hereinafter the father) weekly child support in the amount of $100 for the parties' two children. In February 2009, the mother was found to be in willful violation of that order and, at that time, owed the father more than $6,000 in arrears (*Matter of Lewis v Cross*, 72 AD3d 1228 [2010]). In May 2009, with the father's consent, a Support Magistrate reduced the mother's weekly child support obligation to $75. The father thereafter commenced the instant proceeding, alleging that the mother was in willful violation of the May 2009 order of support. After a hearing, a Support Magistrate found that the mother was in willful violation of that order, entered a judgment for arrears, plus costs and disbursements, and recommended that the mother serve six months in jail, unless she obtained employment and made support payments. After the matter was referred to Family Court for confirmation (*see* Family Ct Act § 439 [a]), a confirmation hearing was held, following which Family Court found the mother to be in willful violation of the May 2009 order, entered judgment for an additional amount of arrears, plus costs and disbursements, and ordered the mother committed to jail for 90 days. The mother appeals.

"In order to establish a prima facie case of willful violation, the father had the initial burden of coming forward with evidence that the mother had failed to obey a lawful order of support" (*Matter of Lewis v Cross*, 72 AD3d at 1229 [citations omitted]; *see* Family Ct Act § 454 [3] [a]). The father satisfied his burden at the hearing before the Support Magistrate by presenting the unrefuted testimony of a representative from the Ulster County Child Support Collection Unit that the mother had not made any payments on her account since the creation of it in June 2008. The representative also testified that the unit had issued wage garnishments to three of the mother's employers—which she had not voluntarily disclosed to the unit—but did not receive payments

from them.* Additionally, the father testified that the mother had not made any payments directly to him. The burden then shifted to the mother to offer some competent evidence "to demonstrate her inability to make the required payments" (*Matter of Lewis v Cross*, 72 AD3d at 1230; *see Matter of Vickery v Vickery*, 63 AD3d 1220, 1221 [2009]).

To that end, the mother testified that she had been unable to secure steady employment despite having applied for several positions, but offered no admissible evidence to substantiate her efforts. Although she further claimed that she suffered from various physical and mental ailments, she did not produce sufficient competent medical proof of those conditions and, in any event, she did not allege that they precluded her from working (*see Matter of Lewis v Cross*, 72 AD3d at 1230; *Matter of Sutton-Murley v O'Connor*, 61 AD3d 1054, 1055 [2009]). Family Court did not find the mother's testimony to be credible and, according deference to that credibility assessment (*see Matter of Sutton-Murley v O'Connor*, 61 AD3d at 1055-1056), we find no reason to disturb its determination that the mother was in willful violation of the order of support.

Finally, we are not persuaded by the mother's contention that she was denied the effective assistance of counsel. Viewed in the totality, the record reflects that the mother was afforded meaningful representation throughout the proceeding and she has not established that any of the alleged deficiencies were anything other than legitimate, albeit losing, trial strategy (*see Matter of Lewis v Cross*, 72 AD3d at 1230; *Matter of Gerald BB.*, 51 AD3d 1081, 1082-1083 [2008], *lv denied* 11 NY3d 703 [2008]).

Mercure, J.P., Stein, McCarthy and Egan Jr., JJ., concur. Ordered that the order is affirmed, without costs.

---

* By the time of the confirmation hearing before Family Court in March 2010, at least one payment—a wage garnishment—had been made to the account in January 2010.