In the Matter of MARK BERRADA, Appellant, v TERESA MARTIN BERRADA, Respondent. (And Another Related Proceeding.) [934 NYS2d 572]—

Mercure, A.P.J. 

The parties were married in 1996 and have three minor children. After they separated in 2006, the mother obtained custody of the children and petitioned for child support (Matter of Berrada v Berrada, 90 AD3d 1195 [2011] [decided herewith]). Rejecting the father's claim that he was unable to find employment, a Support Magistrate determined that he had failed to conduct a thorough job search, imputed an annual earning capacity to him of $125,000, and directed him to pay $2,834 a month in child support. The father did not file objections to that order; he did, however, file the present modification petitions in 2009, again asserting that he was unable to find work. The Support Magistrate dismissed the petitions, finding that the father had not

demonstrated a substantial change in circumstances. Family Court denied the father's ensuing objections insofar as relevant here, and he now appeals.

We affirm. In order to succeed upon his modification petitions, "the father was required to establish a substantial change in circumstances since the entry of the child support order that warranted a modification of his obligation to pay child support" (*Matter of Van Buren v Burnett*, 58 AD3d 900, 901 [2009]; *see Matter of Freedman v Horike*, 68 AD3d 1205, 1206 [2009], *lv dismissed and denied* 14 NY3d 811 [2010]). Inasmuch as "a child support obligation turns on a parent's ability to provide support, rather than the parent's current financial situation," we agree with Family Court that the father failed to meet that burden and, accordingly, affirm (*Matter of Freedman v Horike*, 68 AD3d at 1206).

At the time of the hearing, the father remained unemployed, devoting his attention to various sales enterprises that paid on commission without producing consistent income. While he made an effort to find full-time employment within his narrow area of expertise, his search did not extend elsewhere. Moreover, the father was attempting to develop his own business and testified that he would only "jump on" a full-time job offer if it paid a substantial salary. Notwithstanding the father's argument that the new venture constitutes a substantial change of circumstances in that it may produce income in the future, "the courts will not require the children to subsidize a parent's financial decision" to forgo present employment for potential future income (*Matter of Pancaldo v Pancaldo*, 214 AD2d 879, 880 [1995]; *see Matter of Doyle v Doyle*, 230 AD2d 795, 796 [1996]).

Peters, Malone Jr., Kavanagh and Stein, JJ., concur. Ordered that the order is affirmed, without costs.