■ PAUL D. SMITH, Respondent, v LORI ANN SMITH, Appellant. [936 NYS2d 392]—

Rose, J. ■

The mother appeals, contending that, despite the father's injuries and disability, the motion for a downward modification should have been denied because the father could provide support through some other type of veterinary practice. She did not, however, present any evidence contradicting the father's proof of his limited ability to work or supporting her claim that he could hire other veterinarians to assist in running his practice. While a request for a downward modification of child support based on a loss of employment due to injury or illness may be denied where the parent seeking the modification still has the ability to provide support through some other type of employment (*see Matter of Aranova v Aranov*, 77 AD3d 740, 740-741 [2010]; *Matter of Bukovinsky v Bukovinsky*, 299 AD2d 786, 787 [2002], *lv dismissed* 100 NY2d 534 [2003]), Supreme Court credited the father's testimony that he is no longer able to work full time at his own practice, cannot afford to hire another person to assist him in his practice and is not employable at another practice because of his condition. Giving deference to Supreme Court's credibility determinations (*see Matter of Wilson v LaMountain*, 83 AD3d 1154, 1156 [2011]; *Matter of Bianchi v Breakell*, 48 AD3d 1000, 1002 [2008]), we find no basis to disturb its determination that the father demonstrated a significant change in circumstances warranting a downward modification of his child support obligation (*see Matter of Silver v Reiss*, 74 AD3d 1441, 1442 [2010]; *Matter of Fuller v Fuller*, 11 AD3d 775, 777 [2004]).

Nor are we persuaded that the presumptively correct amount of child support is unjust or inappropriate and that, as a result, the father's personal injury settlement should have been considered in determining his child support obligation (*see* Domestic Relations Law § 240 [1-b] [f]). We note that the children receive derivative Social Security benefits (*see Matter of Weymouth v Mullin*, 42 AD3d 681, 681-682 [2007]), and the evidence established that most of the father's settlement had already been used to pay the father's child support arrears, continue his child support payments and otherwise mitigate his

financial problems (*compare Matter of Walker v Gilbert*, 39 AD3d 1112, 1114 [2007]; *Matter of Cody v Evans-Cody*, 291 AD2d 27, 33 [2001]).

Mercure, A.P.J., Lahtinen and Garry, JJ., concur. Ordered that the order is affirmed, without costs.