Rose, J.
Pursuant to a separation agreement incorporated but not merged with the parties’ 2008 judgment of divorce, respondent (hereinafter the father) agreed to pay $225 per week in child support to petitioner (hereinafter the mother) for the support of their three children (born in 1991, 1994 and 1997). When he failed to make the required payments, the mother commenced this violation proceeding. A hearing was held and Family Court *1070 ultimately entered an order confirming the Support Magistrate’s finding of the father’s willful violation. The father appeals.*
The father does not dispute that the mother submitted prima facie evidence of his failure to pay child support as ordered, thus satisfying her initial burden (see Family Ct Act § 454 [3] [a]). Rather, he contends that he rebutted her proof by offering “ ‘credible evidence of his . . . inability to make the required payments’ ” (Matter of Wilson v LaMountain, 83 AD3d 1154, 1155 [2011], quoting Matter of Powers v Powers, 86 NY2d 63, 70 [1995]). The father, a self-employed painter, contends that, in contrast to the representation in the separation agreement that he was expected to earn $34,000 that year, he was able to work only seasonally and actually earned between $14,000 and $15,000, as reflected in his income tax returns. There was evidence, however, that the father had claimed to be able to earn $34,000 or more per year at the time of the separation agreement, and that he was able to voluntarily pay between $200 and $225 per week in child support while the parties were separated prior to entering into the separation agreement.
While the father is correct that hearsay testimony concerning the amount of work available to him was improperly admitted into evidence (see Family Ct Act § 439 [d]), the mother also offered admissible testimony that he accepted unreported cash payments and regularly worked year-round until the execution of the separation agreement, after which he began to take extended trips to his native country of Hungary during the winter. Family Court discredited the father’s testimony to the contrary, and we will defer to that credibility assessment (see Matter of Wilson v LaMountain, 83 AD3d at 1156; Matter of Lewis v Cross, 80 AD3d 835, 837 [2011]). Accordingly, we agree with Family Court that there was sufficient evidence upon which to conclude that the father was able to earn more income than was reported on his most recent tax returns and, as he failed to establish his inability to pay child support, we find no basis to disturb the finding of a willful violation (see Matter of Christiani v Rhody, 90 AD3d at 1092; Matter of Lewis v Cross, 80 AD3d at 837; Matter of Nickerson v Bellinger, 258 AD2d 688, 688 [1999]).
*1071 Mercure, J.P., Spain, Malone Jr. and Garry, JJ., concur. Ordered that the order is affirmed, without costs.

 Although the father also sought downward modification of his support obligation, Family Court entered a separate order denying his objections to the dismissal of his modification petitions one month after entry of its order confirming the willful violation, but the father did not appeal from that order. Accordingly, we do not address the father’s arguments on appeal pertaining to his request to modify the agreement (see Matter of Christiani v Rhody, 90 AD3d 1090, 1091 [2011], lv denied 18 NY3d 809 [2012]; Matter of St. Lawrence County Support Collection Unit v Cook, 57 AD3d 1258, 1258 n 2 [2008], lv denied 12 NY3d 707 [2009]).