McCarthy, J.
*1200 We affirm. The uncontroverted testimony of a child support investigator employed by petitioner established that respondent had not complied with the prior support order, shifting the burden to respondent to offer “competent, credible evidence of his inability to make the required payments” (Matter of Powers v Powers, 86 NY2d 63, 70 [1995]; see Matter of Christiani v Rhody, 90 AD3d 1090, 1091-1092 [2011], lv denied 18 NY3d 809 [2012]). To that end, respondent testified that he has not been employed nor sought employment since 2006 due to medical issues that prohibit him from working. In support, he presented various medical records from 2011 and the testimony of his treating physician. Although the physician testified that respondent is unable to work due to neck discomfort and an inability to perform repetitive motions without fatiguing, she admitted that her opinion was based on respondent’s subjective complaints, with no evidence of objective testing (see Matter of Straight v Skinner, 33 AD3d 1175, 1176 [2006]). Further, there is no indication in the medical records submitted by respondent that he is unable to work. Accordingly, we find that respondent failed to meet his burden of demonstrating an inability to make his required support payments and, therefore, the finding of a willful violation was warranted (see id.; Matter of Columbia County Support Collection Unit v Demers, 29 AD3d 1092, 1093 [2006], lv denied 7 NY3d 708 [2006]).
Peters, P.J., Spain, Kavanagh and Egan Jr., JJ., concur. Ordered that the order is affirmed, without costs.