Lynch, J.
Appeal from an order of the Family Court of St. Lawrence County (Morris, J.), entered December 6, 2013, which, among other things, granted petitioner’s application, in a proceeding pursuant to Family Ct Act article 4, to hold respondent in willful violation of a prior order of support.
Petitioner commenced this proceeding on behalf of Crystal U, alleging that respondent was in violation of a 2010 support order directing him to pay $25 per week to support his two children born in 1999 and 2002. After a hearing, a Support Magistrate issued an order in Crystal U.’s favor and referred the proceeding to Family Court for confirmation. After a confirmation hearing held on October 16, 2013 and November 20, 2013, the court issued an order confirming the willful violation finding and sentenced respondent to a 75-day term of incarceration. Respondent now appeals.
Initially, although respondent’s challenge to the commitment order is moot because his jail term has expired, his challenge to Family Court’s determination of willfulness is properly before us (see Matter of Washington County Dept. of Social Servs. v Costello, 111 AD3d 1104 [2013], lv denied 22 NY3d 861 [2014]; Matter of Lewis v Cross, 72 AD3d 1228, 1229 [2010]). On this issue, respondent concedes that petitioner made its prima facie case of willfulness by demonstrating that from June 2011 to December 2012, respondent made less than one tenth of the required weekly payments towards his basic obligation and accrued arrears. Accordingly, it was respondent’s burden to “offer some competent, credible evidence of his inability to make the required payments” (Matter of Powers v Powers, 86 NY2d 63, *1032 69-70 [1995]; see Matter of Boyle v Boyle, 101 AD3d 1412, 1413 [2012]). To this end, respondent argues that he made payments when he was able to, but because he could not find full-time work, he could not make all the required payments.
Generally, a parent is presumed to have the means to support his or her children (see Family Ct Act §§ 437, 454; Matter of Powers v Powers, 86 NY2d at 68-69). Here, respondent testified before the Support Magistrate that he had been self-employed mowing one lawn a week for the period beginning June 2011 through September 2011, and was unemployed and looking for work for approximately the following year. He testified at the confirmation hearing that he had been employed for about one month before he suffered a work-related accident in September 2012. Despite the accident, he had been able to find full-time work as a laborer. Family Court, which was not obligated to credit his unsupported testimony with regard to his resources or job search efforts (see Matter of Thomas v Sylvester, 95 AD3d 1488, 1489 [2012]; Matter of Madison County Commr. of Social Servs. v Felker, 80 AD3d 1107, 1108 [2011]), noted that, even during the limited periods that he was gainfully employed, respondent did not make payments as required. According deference to the credibility assessments of the Support Magistrate and Family Court (see Matter of Boyle v Boyle, 101 AD3d at 1413; Matter of Lewis v Cross, 72 AD3d at 1230), we discern no reason to disturb the determination that respondent failed to demonstrate that he was unable to comply with the support order.
McCarthy, J.E, Garry and Clark, JJ, concur.
Ordered that the order is affirmed, without costs.