Matter of Linda D. v Theo C. (2018 NY Slip Op 07825)





Matter of Linda D. v Theo C.


2018 NY Slip Op 07825


Decided on November 15, 2018


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 15, 2018

Acosta, P.J., Friedman, Manzanet-Daniels, Webber, Singh, JJ.


7623

[*1]In re Linda D., Petitioner-Respondent,
v
Theo C., Respondent-Appellant.
In re Theo C., Petitioner-Appellant,
Linda D., Respondent-Respondent.


Larry S. Bachner, New York, for appellant.
Carol L. Kahn, New York, for respondent.



Order, Family Court, New York County (Emily M. Olshansky, J.), entered on or about September 6, 2017, which granted the petitioner/respondent mother's objections by modifying the order, same court (Karen Kolomechuk, Support Magistrate), entered on or about March 10, 2017, which determined after a hearing that, inter alia, the father was not in willful violation of a child support order and granted his petition for a downward modification, to the extent of vacating the modified order of support, dismissing the father's downward modification petition, and, thereby, reinstating the award of $1,200 in monthly child support, unanimously affirmed, without costs.
The Family Court properly determined that the father failed to rebut the prima facie evidence of his willful violation of the order of support (see Family Court Act § 454[3][a]). In finding to the contrary, the Support Magistrate mistakenly relied on letters from the father's health care providers that had not been properly admitted into evidence (see Matter of Bronstein-Becher v Becher, 25 AD3d 796, 797 [2d Dept 2006]). Since the father provided no competent evidence that his medical condition rendered him unable to provide support for the subject children, he failed to rebut the mother's prima facie case (see generally Matter of Powers v Powers, 86 NY2d 63, 70 [1995]).
The Family Court also properly dismissed the father's petition seeking a downward modification of his child support obligation. The father's receipt of Social Security disability benefits did not preclude a finding that he was capable of work (see Matter of Marrale v Marrale, 44 AD3d 773, 775 [2d Dept 2007]). Further, in the absence of competent medical evidence that his reduction in income was not volitional, the receipt of public assistance also did not constitute a substantial change in circumstances to warrant modification of the child support order (see Matter of Freedman v Horike, 68 AD3d 1205, 1207 [3d Dept 2009], lv dismissed in part, denied in part 14 NY3d 811 [2010]). Notably, at the time of the judgment of divorce, the court imputed income to the father for the purposes of calculating child support after finding that he ceased looking for freelance work in 2009, contemporaneously with the commencement of the divorce action.
We have considered the remaining arguments, including the father's claim of ineffective assistance of counsel, and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: NOVEMBER 15, 2018
CLERK