Matter of Welt v Woodcock (2020 NY Slip Op 03831)





Matter of Welt v Woodcock


2020 NY Slip Op 03831


Decided on July 9, 2020


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: July 9, 2020

528374

[*1]In the Matter of Susan B. Welt, Respondent,
v
Mark C. Woodcock, Appellant.

Calendar Date: June 10, 2020

Before: Garry, P.J., Clark, Mulvey, Aarons and Colangelo, JJ.


Michelle I. Rosien, Philmont, for appellant.
Copps DiPaola Silverman, PLLC, Albany (Joseph R. Williams of counsel), for respondent.



Garry, P.J.
Appeal from an order of the Family Court of Albany County (Kushner, J.), entered January 4, 2019, which granted petitioner's application, in a proceeding pursuant to Family Ct Act article 4, to hold respondent in willful violation of a prior order of support.
Petitioner (hereinafter the mother) and respondent (hereinafter the father) are the parents of one child (born in 2014). Under a support order entered in December 2017, the father was required to pay the mother a certain amount per month in support. In February 2018, after unsuccessfully objecting to the December 2017 order, the father petitioned for a modification of the child support amount, claiming that medical conditions prevented him from obtaining employment and, thus, satisfying his child support obligations. The Support Magistrate dismissed the father's petition, finding that there was no change in circumstances to warrant the modification. In March 2018, the mother filed the subject violation petition, claiming that the father had willfully violated the December 2017 order. Following a hearing, the Support Magistrate found that the father had violated the support order, but that it was not a willful violation, and dismissed the mother's petition. The mother filed objections, which Family Court granted in January 2019, holding that the father had failed to provide credible medical evidence to support his claims that medical conditions prevented him from obtaining employment, that the violation was thus willful, and that the petition should not have been dismissed. The court directed the entry of a money judgment and remanded the case to the Support Magistrate to calculate counsel fees. The father appeals from the January 2019 order.
As the mother provided proof — in the form of records from the Albany County Support Collection Unit — that the father failed to provide support as ordered, and the father admitted that he had not made the payments as ordered, "[t]he burden then shift[ed] to [the father] to rebut the evidence of willfulness by offering some competent, credible evidence of his inability to make the required payments" (Matter of Davis-Taylor v Davis-Taylor, 79 AD3d 1312, 1313-1314 [2010] [internal quotation marks and citations omitted]; see Matter of Crystal v Corwin, 274 AD2d 683, 684 [2000]). During the fact-finding hearing, the father testified that he was aware of his support obligations, but alleged that he had medical conditions that affected his dexterity, balance and movement, including bending and lifting, and that "it[ was] against medical advice" for him to work more than he had. The father also claimed that he was precluded from work that required him to drive vehicles, due to certain medications that he was prescribed. His recent employment had included carpet cleaning and painting at an assisted living facility, property management,[FN1] and working in a bakery, and he stated that he would continue to work in these positions. Upon the Support Magistrate's request, he provided a job search log, which listed jobs he had applied to since June 2018, and he further testified that he had applied for several jobs through "word of mouth." He also submitted a denial letter and subsequent appeal application for Social Security disability benefits.[FN2]
Despite the father's testimony "that his alleged . . . condition[s] rendered him unable to obtain employment in order to meet his support obligations, he did not present any competent medical proof in support thereof" (Matter of Vickery v Vickery, 63 AD3d 1220, 1221 [2009]; see Matter of Sayyeau v Nourse, 165 AD3d 1417, 1418 [2018]; Matter of Hwang v Tam, 158 AD3d 1216, 1217 [2018]). The Social Security disability benefits denial letter and appeal application contained information on the father's alleged medical conditions, prescribed medications and treating physicians, but they did not demonstrate that the father could not continue the work that he had done in the past (see Matter of Sutton-Murley v O'Connor, 61 AD3d 1054, 1055 [2009]; Matter of Nickerson v Bellinger, 258 AD2d 688, 688-689 [1999]). The father's testimony indicated that he continued to work despite these medical conditions, and he never claimed that he was unable to work at all (see Matter of Lewis v Cross, 72 AD3d 1228, 1230 [2010]; Matter of Nickerson v Bellinger, 258 AD2d at 688). "According deference to Family Court's credibility assessments, we find no basis to disturb its finding that [the father] failed to produce credible and competent proof of his inability to make the required payments" and, thus, that his violation was willful (Matter of Sutton-Murley v O'Connor, 61 AD3d at 1055-1056 [citations omitted]; see Matter of Sayyeau v Nourse, 165 AD3d at 1418; Matter of Vickery v Vickery, 63 AD3d at 1221).
We reject the father's contention that unpaid support that was incurred before the December 2017 order and represented "retroactive support due" should not have been included in calculating his arrearage. The father's child support obligation was retroactive to the date of commencement of the support proceeding (see Family Ct Act § 449 [2]). Upon the entry of the December 2017 order, the retroactive support amount became arrearage (see Family Ct Act §§ 440 [1] [a] [iii]; 449 [2]). Thus, the retroactive unpaid support was properly included in the total amount of the father's arrearage (see Family Ct Act §§ 460 [1] [a]; 454 [2] [a]).
Finally, the father claims that Family Court improperly awarded counsel fees to the mother, as Family Ct Act § 454 (2) does not provide for such fees. However, Family Ct Act § 438 (b) requires that, "[i]n any proceeding for failure to obey any lawful order compelling payment of support . . ., the court shall, upon a finding that such failure was willful, order respondent to pay counsel fees to the attorney representing the petitioner" (emphasis added). Accordingly, the court properly remanded the matter to the Support Magistrate for calculation of the mother's counsel fees.
Clark, Mulvey, Aarons and Colangelo, JJ., concur.
ORDERED that the order is affirmed, without costs.



Footnotes

Footnote 1: The father testified that he had subcontracted out many of his property management responsibilities.

Footnote 2: The father testified that he was waiting for a hearing date for his Social Security disability benefits appeal.