Matter of Woodcock v Welt (2023 NY Slip Op 00360)

Matter of Woodcock v Welt

2023 NY Slip Op 00360

Decided on January 26, 2023

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:January 26, 2023

534644 
[*1]In the Matter of Mark C. Woodcock, Petitioner,
v
Susan B. Welt, Appellant.

Calendar Date:December 14, 2022

Before:Egan Jr., J.P., Clark, Pritzker, Fisher and McShan, JJ. 

Copps DiPaola Silverman, PLLC, Albany (Joseph R. Williams of counsel), for appellant.

Egan Jr., J.P.
Appeal from an order of the Family Court of Albany County (Amy E. Joyce, J.), entered September 23, 2021, which granted petitioner's application, in a proceeding pursuant to Family Ct Act article 4, to modify a prior order of support.
Petitioner (hereinafter the father) and respondent (hereinafter the mother) are the parents of a child (born in 2014). A description of the litigation between the parties is provided in a prior order of this Court (Matter of Welt v Woodcock, 185 AD3d 1172, 1172-1173 [3d Dept 2020]). Briefly, the Support Magistrate issued a December 2017 order directing the father, based upon an imputed annual income of $28,000, to make monthly payments of $315 in child support, $210.34 in child care expenses and $11.46 in health insurance expenses. The father's objections to that order were rejected by Family Court, after which he unsuccessfully sought to modify his support obligation upon the ground that his physical impairments prevented him from finding work. The mother then filed a violation petition that resulted in a January 2019 order in which Family Court determined that, because the father had not shown that his medical problems prevented him from working, his failure to make support payments was willful and warranted the entry of a money judgment and an award of counsel fees against him. Upon appeal, we affirmed (id. at 1173-1174).
In July 2019, while the father's appeal from the January 2019 order was pending, he filed a support modification petition in which he claimed again that he was disabled and unable to work. He provided new support for that claim, however, annexing to the petition a May 2019 determination by an Administrative Law Judge (hereinafter ALJ) who had presided over a hearing on his application for Social Security disability benefits. The ALJ determination included a description of the medical proof presented regarding the father's physical condition, and findings that the father was disabled as defined by federal law as of November 1, 2016 and entitled to supplemental security income (hereinafter SSI) (see 20 CFR 416.905, 416.920).
After a fact-finding hearing on the father's petition, where the ALJ determination was a subject of inquiry but the written decision itself was never formally entered into evidence, the Support Magistrate issued a decision in March 2021 finding that the father, who had been laid off from his employment during the pendency of the proceeding, had demonstrated a change in circumstances since the prior support order in that he was physically impaired from working. The Support Magistrate nevertheless found that the father remained capable of performing some work, imputed a lower annual income of $20,280 to him and, relying upon that figure, reduced his support obligation to $50 a month. Family Court denied the mother's objections to the ensuing order, and she appeals.
We affirm. As the mother initially points out, although the ALJ determination was properly before the Support [*2]Magistrate and Family Court because it was annexed to the petition and formed a part of that pleading (see CPLR 3014), it would not, standing alone, serve as proof of the father's allegations because it was not formally offered and received into evidence (see Family Ct Act § 439 [d]; Tisdale v Delaware & Hudson Canal Co., 116 NY 416, 419 [1889]; Matter of Radcliffe M., 155 AD3d 956, 958 [2d Dept 2017]; Matter of Gail R. [Barron], 67 AD3d 808, 812 [2d Dept 2009]). That said, "[i]t is well established that 'an order from a Support Magistrate is final and Family Court's review under Family Ct Act § 439 (e) is tantamount to appellate review' " (Matter of Hubbard v Barber, 107 AD3d 1344, 1345 [3d Dept 2013], quoting Matter of Renee XX. v John ZZ., 51 AD3d 1090, 1092 [3d Dept 2008]), and "the absence of timely objection" to evidence at a hearing will result in the waiver of any challenge to its consideration on appeal (Komsa v Colonial Penn Ins. Co., 188 AD2d 367, 367 [1st Dept 1992]; see CPLR 4017; Horton v Smith, 51 NY2d 798, 799 [1980]). The mother here offered no objection to the consideration of the ALJ determination during the fact-finding hearing. To the contrary, as Family Court pointed out, both counsel for the mother and the Support Magistrate questioned the father regarding the ALJ determination, and he testified regarding its existence, his purported inability to work and his receipt of SSI. The mother waived her objection to consideration of the ALJ determination under these circumstances and, as such, Family Court properly denied it (see Matter of Commissioner of Social Servs. v Segarra, 78 NY2d 220, 222 n 1 [1991]; Matter of Dailey v Govan, 136 AD3d 1029, 1030 [2d Dept 2016]; Matter of Franco v Doyle, 255 AD2d 318, 319 [2d Dept 1998]).
Turning to the merits, although the findings in the ALJ determination were not binding upon either the Support Magistrate or Family Court (see Matter of Sayyeau v Nourse, 165 AD3d 1417, 1418 [3d Dept 2018]; Matter of Wilson v LaMountain, 83 AD3d 1154, 1156 [3d Dept 2011]; Matter of Bukovinsky v Bukovinsky, 299 AD2d 786, 787-788 [3d Dept 2002], lv dismissed 100 NY2d 534 [2003]), the Support Magistrate did rely upon the findings in the ALJ determination, as well as the father's hearing testimony regarding his physical problems and how they affected both the type and amount of work he could perform, to determine that he had impairments that limited his ability to work (see Smith v Smith, 91 AD3d 1083, 1084 [3d Dept 2012]). Family Court agreed with that assessment, as well as the Support Magistrate's further finding that the father's difficulties did not prevent him from performing any work. Indeed, as Family Court observed, the father testified that he had stopped working at his friends' business in 2020 because of a layoff connected to COVID-19 and that he wanted to return to that job, and he acknowledged that he was performing additional work as a volunteer kitchen coordinator at the time he filed his modification [*3]petition in 2019. According deference to Family Court's determination that the foregoing proof was credible, we are satisfied that the father demonstrated a sufficient change in circumstances so as to warrant a downward modification in his child support obligation (see Smith v Smith, 91 AD3d at 1084; Matter of Silver v Reiss, 74 AD3d 1441, 1442 [3d Dept 2010]).
As for the ensuing calculation of the father's child support obligation, "[b]ecause imputed income more accurately reflects a party's earning capacity and, presumably, his or her ability to pay, it may be attributed to a party as long as the court articulates the basis for imputation and the record evidence supports the calculations" (Matter of Henry v Bell, 185 AD3d 1168, 1170 [3d Dept 2020] [internal quotation marks and citations omitted]; see Johnson v Johnson, 172 AD3d 1654, 1656 [3d Dept 2019]). Family Court found no reason to disturb the Support Magistrate's exercise of "discretion in determining whether to impute income to" the unemployed father by factoring in his physical impairments and his "prior employment experience" to impute an annual gross income of $20,280, reflecting 30 hours a week of work at a wage of $13 an hour (Matter of Hurd v Hurd, 303 AD2d 928, 928 [4th Dept 2003]; see Family Ct Act § 413 [1] [b] [5]). There is no doubt that the ALJ determination and the father's testimony regarding his work history and physical limitations provided ample support for the Support Magistrate's finding regarding the amount of work that he could perform. Further, we agree with the mother that a similar basis does not support the Support Magistrate's calculation of the father's imputed income using a wage of $13 an hour since he earned $14 an hour working at his friends' business. The error in that regard was harmless, however, as the father's income would still fall below the self-support reserve were he required to pay the basic child support obligation, rendering the appropriate support award $50 a month under either calculation (see Family Ct Act § 413 [1] [d]).[FN1] Thus, we perceive no basis upon which to disturb the amount of support awarded.
Clark, Pritzker, Fisher and McShan, JJ., concur.
ORDERED that the order is affirmed, without costs.

Footnotes

Footnote 1: We note that the Support Magistrate deducted SSI from the father's income in order to calculate his support obligation (see Family Ct Act § 413 [1] [b] [5] [vii] [F]).