■ In the Matter of JASON FF., a Person Alleged to be a Juvenile Delinquent, Appellant. SULLIVAN COUNTY ATTORNEY, Respondent. [638 NYS2d 226] —Yesawich Jr., J. Appeal from an order of the Family Court of Sullivan County (Meddaugh, J.), entered January 10, 1995, which granted petitioner's application, in a proceeding pursuant to Family Court Act article 3, to adjudicate respondent a juvenile delinquent.

Respondent, who was 12 years old at the time, was charged with having subjected his eight-year-old neighbor (hereinafter the victim) to sexual contact. After a fact-finding hearing, at which testimony was elicited from the victim, her mother and a police officer who responded to a call from the victim's mother, respondent was adjudged to have committed the acts alleged in the petition, which, if committed by an adult, would constitute the crime of sexual abuse in the first degree, a class D felony. A dispositional hearing was held, after which respondent was placed with the Department of Social Services, pending residential placement, for a period of 12 months.

At the outset, we note that respondent filed a notice of appeal only from the fact-finding order, from which no appeal lies as of right (see, Family Ct Act § 1112 [a]); no appeal has been taken from the dispositional order, which was entered July 12, 1995. Rather than dismiss the appeal presently before us, however, we shall treat the notice of appeal as an application for leave to appeal, and grant the application sua sponte (cf., Matter of Elacqua v James EE., 203 AD2d 688).

Respondent contends that Family Court erred in taking the victim's sworn testimony; we disagree. The court cannot be said to have abused its discretion in determining that the victim—who indicated that she knew the difference between the truth and a lie, understood that she had to promise not to

tell any lies in court, and recognized that she would get in "big trouble" if she were to fail to tell the truth—was capable of testifying under oath (*see, People v Nisoff*, 36 NY2d 560, 566). Not insignificantly, her trial testimony demonstrated that when she did not know an answer, or did not remember, she candidly admitted that fact (*see, People v Charlton*, 192 AD2d 757, 758, *lv denied* 81 NY2d 1071). And given that the victim was plainly reluctant to testify as to the details of the incident, it was not error for Family Court to pose leading questions, in an attempt to clarify and expedite her testimony (*see, Matter of William T.*, 182 AD2d 766, 767; *People v Tyrrell*, 101 AD2d 946).

Regarding the merits, it is apparent from the record that Family Court's finding of guilt is justified. Viewed in the light most favorable to petitioner, the victim's testimony—which was corroborated, in part, by that of the other witnesses—established her age, and that respondent had kissed her "hard" on the lips while placing his tongue in her mouth, and rubbed his hands between her legs, near her "private parts", despite her entreaty to "stop". This is enough to warrant concluding that respondent subjected a person "less than eleven years old" to "sexual contact" (Penal Law § 130.65 [3]; *see, People v Crandall*, 53 AD2d 956, *affd* 45 NY2d 851). It may be inferred from the nature of these acts themselves, in the absence of contrary evidence, that they were performed for the purpose of gratifying the sexual desire of either the perpetrator or the victim (*see, People v Teicher*, 52 NY2d 638, 646-647; *Matter of Olivia YY.*, 209 AD2d 892).

The remainder of respondent's arguments were either not preserved for review or relate to the propriety of the disposition, and hence are not properly before us on this appeal.

Mikoll, J. P., Mercure, Peters and Spain, JJ., concur. Ordered that the order is affirmed, without costs.