■ In the Matter of YOLANDA SANDULESCU, Respondent, v JON CAICO, Appellant. (And Another Related Proceeding.) [883 NYS2d 613]—

Kavanagh, J. Appeals from two orders of the Family Court of Warren County (Breen, J.), entered March 23, 2007 and September 27, 2007, and two orders of said court (Ellis, S.M.), dated November 16, 2006 and July 31, 2007, which, among other things, granted petitioner's applications, in two proceedings pursuant to Family Ct Act article 4, to hold respondent in violation of a prior order of support.

Petitioner (hereinafter the mother) filed two petitions alleging that respondent (hereinafter the father) willfully violated a prior order of support that detailed the terms by which he would satisfy his obligation to provide support for the parties' child (born in 1990). A hearing was held on both petitions and a Support Magistrate (Ellis, S.M.) issued an order dated November

16, 2006 setting forth findings of fact that concluded that the father was in arrears on his child support obligation in the amount of $53,395 and, because this failure was willful, recommended that he be incarcerated for 30 days. The father filed objections to these findings (*see* Family Ct Act § 439 [a]) and Family Court (Breen, J.) issued an order entered March 23, 2007 remitting the matter to the Support Magistrate to address a number of issues, including whether counsel fees should be awarded to the mother. At that point in the proceedings, the father filed a notice purporting to appeal from both the Support Magistrate's findings of fact and Family Court's March 2007 order of remittal.

Upon remittal, the Support Magistrate again found in July 2007 that the father had willfully violated a prior order of support, owed the mother child support arrears in the amount of $50,995, and recommended that the mother be awarded counsel fees in the amount of $8,141.15. Family Court confirmed the Support Magistrate's determination in an order entered September 27, 2007. The father also appeals from the Support Magistrate's July 2007 findings of fact, as well as Family Court's September 2007 order.

Initially, the father's appeals from the Support Magistrate's November 2006 and July 2007 orders of fact-finding must be dismissed as they are not appealable as of right and the father has not sought leave to appeal from those orders (*see* Family Ct Act § 1112 [a]; *Matter of Brittenie K.*, 50 AD3d 1203, 1204 n 1 [2008]; *Matter of Jason FF.*, 224 AD2d 900, 900 [1996]; *see also Matter of Corry v Corry*, 59 AD3d 618, 618 [2009]). Family Court's March 2007 order remitting the matter for further proceedings before the Support Magistrate was superceded by its order issued in September 2007 and, therefore, the father's appeal from the March 2007 order is moot and must be dismissed as well (*see Matter of Hall v Shannon*, 59 AD3d 825, 825 [2009]; *Matter of Carella v Ferrara*, 9 AD3d 605, 605 [2004]).

While the father may appeal from Family Court's September 2007 order, we agree with the mother that this appeal, as taken, is untimely. This order was mailed to the father on September 28, 2007 and specifically advised him that any appeal taken from it must be brought within 35 days from the date of the mailing of the order (*see* Family Ct Act § 1113). Instead of filing a notice of appeal pursuant to that direction, the father filed objections with Family Court to that order. Family Court promptly notified the father that this was a final order and that his remedy was not to file objections to its order, but rather to take an appeal (*see* Family Ct Act § 1113). When the father did

file a notice of appeal, it was not filed until three weeks after the statutory time period had passed and, for that reason, must be dismissed (*see* Family Ct Act § 1113; *Matter of Alexis BB.*, 285 AD2d 751, 752 [2001]; *compare Matter of Robert OO.*, 34 AD3d 1074, 1075 n [2006]).

Were we to address the merits of this appeal, we would find that the mother made a prima facie showing that the father had willfully violated Family Court's order requiring him to pay child support (*see* Family Ct Act § 454). The mother testified that, since the father has been under a court order to pay child support, she has received only sporadic payments from him and, for a nine-year period ending in 2006, he owed approximately $59,000 on his child support obligation. For his part, the father contends that he made a good faith effort to fulfill this obligation and, in that regard, submitted records documenting that, during the period in question, he sent money orders to the mother that he claimed represented payments for child support. However, the total of these payments was well below what the father was obligated to pay and his credibility regarding the purpose of these payments was called into question by his subsequent admission that one of the money orders actually represented a business expense as opposed to child support (*see* Family Ct Act § 454; *Matter of Powers v Powers*, 86 NY2d 63, 68-69 [1995]; *Matter of Vickery v Vickery*, 63 AD3d 1220, 1220-1221 [2009]). Upon the mother's prima facie showing that the father had not fulfilled his obligation to pay child support or faithfully complied with the terms as set forth in the support order, it was incumbent upon him to offer some competent, credible evidence that his failure was not deliberate or willful (*see Matter of Powers v Powers*, 86 NY2d at 69-70; *Matter of Vickery v Vickery*, 63 AD3d at 1220-1222; *Matter of St. Lawrence County Support Collection Unit v Cook*, 57 AD3d 1258, 1259 [2008], *lvs denied* 12 NY3d 707 [2009]). Family Court's confirmation of the Support Magistrate's conclusion that the father did not meet this burden, and its rejection of his claims that he provided the mother with approximately $18,000 in furniture, clothes and other items "in lieu of child support payments," enjoys ample support in the record (*see Matter of Sutton-Murley v O'Connor*, 61 AD3d 1054, 1055 [2009]; *Matter of Scott v Scott*, 50 AD3d 1193, 1194 [2008]).

Peters, J.P., Spain, Lahtinen and McCarthy, JJ., concur. Ordered that the appeals are dismissed, without costs.