■ In the Matter of JOSEPH P. MILLER, Respondent, v CARLIE MACE, Appellant. [903 NYS2d 571]—

McCarthy, J. Appeal from an order of the Family Court of Schenectady County (Assini, J.), entered July 20, 2009, which granted petitioner's application, in a proceeding pursuant to Family Ct Act article 6, to modify a prior order of custody.

Under prior orders, the parties shared joint legal custody of their daughter (born in 2003), with respondent (hereinafter the mother) exercising primary physical custody and petitioner (hereinafter the father) exercising visitation. Based on a hair follicle drug test on the child that was positive for cocaine, the father commenced this proceeding seeking sole custody. Following a hearing, Family Court continued joint legal custody, but awarded primary physical custody to the father, with visitation to the mother. The mother appeals.

The mother's notice of appeal was not timely filed, requiring

us to dismiss this appeal. Pursuant to Family Ct Act § 1113, an appeal from a Family Court order "must be taken no later than thirty days after the service by a party or the child's attorney upon the appellant of any order from which the appeal is taken, thirty days from receipt of the order by the appellant in court or thirty-five days from the mailing of the order to the appellant by the clerk of the court, whichever is earliest." Additionally, "[w]hen service of the order is made by the court, the time to take an appeal shall not commence unless the order contains [a statutorily required] statement and there is an official notation in the court record as to the date and the manner of service of the order" (Family Ct Act § 1113). The statute was specifically amended to include time periods for serving a notice of appeal if service of the order was made by the court, either in person or by mailing, rather than requiring service by a party (see L 1997, ch 461, § 1; Davies, Stecich and Gold, New York Civil Appellate Practice § 6:3 n 13 [8 West's NY Prac Series 2010], citing *Matter of Mancini v Mormile*, 229 AD2d 542, 543 [1996] [suggesting that the Legislature amend the statute due to the realities of Family Court practice]; *compare* CPLR 5513 [a]).

The mother's principal argument on the timeliness issue is that her time to appeal did not start to run because she was never served with notice of entry of the order. Aside from permitting the time for appeal to begin running upon service by the court, appeals from Family Court orders are different from appeals of other civil orders because Family Ct Act § 1113 does not state that service of a notice of entry is necessary to start the appeal time running (see Davies, Stecich and Gold, New York Civil Appellate Practice § 6:3 [8 West's NY Prac Series 2010]; *compare* CPLR 5513 [a]). It is reasonable that the Legislature did not require service of a notice of entry with Family Court orders because the court itself is often effecting service, which it logically will do only after the order has been entered. Because the Family Ct Act fully addresses the process of appealing from that court, other provisions from the CPLR need not be consulted (see Family Ct Act § 165 [a] [stating that where Family Ct Act does not include procedure, CPLR applies to extent appropriate]; § 1118 [same for appeals]). Accordingly, contrary to the mother's contention, service of the Family Court order alone, without notice of entry, is sufficient to start the appeal time running (*but see Matter of Tynell S.*, 43 AD3d 1171, 1172 [2007]).

Here, Family Court's order, entered on July 20, 2009, contained the statutory statement concerning appeals. A notation in the court's database dated July 20, 2009 indicates that

the order was signed by the court, "entered, conformed and mailed."* In addition, the record contains an August 7, 2009 cover letter transmitting the signed and entered order from the father's counsel to the father, the mother's counsel and the attorney for the child. As the mother was served with the order by the court on July 20 and by opposing counsel on August 7 (*see* CPLR 2103 [b] [2] [permitting service of papers on a party by mailing them to counsel]), her September 23, 2009 notice of appeal was untimely (*see* Family Ct Act § 1113). We therefore must dismiss because we lack jurisdiction to consider her appeal (*see Matter of Speer v Wackenhut Corp.*, 15 AD3d 734, 735 [2005]).

Cardona, P.J., Spain, Stein and Egan Jr., JJ., concur. Ordered that the appeal is dismissed, without costs.

 ---

* Although this information from Family Court's database was not included by the parties in the record on appeal, we can take judicial notice of computerized court records (*see Cato v City of New York*, 70 AD3d 471, 471 [2010]; *Perez v New York City Hous. Auth.*, 47 AD3d 505, 505 [2008]).