In the Matter of YOLANDA SANDULESCU, Respondent, v JON CAICO, Appellant. (Proceeding No. 1.) (And Another Related Proceeding.) In the Matter of WARREN COUNTY SUPPORT COLLECTIONS UNIT, on Behalf of YOLANDA SANDULESCU, Respondent, v JON CAICO, Appellant. (Proceeding No. 2.) [909 NYS2d 190]—

Kavanagh, J. Appeals (1) from an order of the Family Court of Warren County (Breen, J.), entered July 17, 2009, which, among other things, granted petitioner's application, in proceeding No. 1 pursuant to Family Ct Act article 4, to hold respondent in willful violation of a prior order of support, and (2) from an order of said court, entered November 19, 2009, which granted petitioner's application, in proceeding No. 2 pursuant to Family Ct Act article 4, to revoke respondent's suspended sentence of incarceration.

In November 2008, petitioner Yolanda Sandulescu (hereinafter the mother) filed proceeding No. 1 pursuant to Family Ct Act article 4 alleging that respondent (hereinafter the father) violated his child support obligations by failing to make monthly support payments and by not properly reimbursing the mother for what she had to pay towards the child's uninsured medical expenses. The mother also commenced a modification proceeding requesting that Family Court, among other things, "review and calculate [the father's] contribution for the college expenses for the subject child" and make payments toward an outstand-

ing judgment owed to the mother for prior child support arrears.*

A hearing was held on both petitions and a Support Magistrate issued two orders with findings of fact that, in effect, concluded that the father had willfully violated a prior order of support, owed the mother child support arrears in the amount of $2,840, directed that the mother be awarded counsel fees in the amount of $250, and ordered the father to pay an additional $200 per month to satisfy what he owed in arrears. Family Court, after a hearing, confirmed the Support Magistrate's determination that the father had willfully violated the support order and, in a July 2009 order, directed that he be incarcerated for 60 days, but suspended the imposition of this punishment to provide the father with an opportunity to fully comply with the court's orders.

When the father persisted in failing to comply with these orders, petitioner Warren County Support Collections Unit commenced proceeding No. 2 on behalf of the mother requesting that the suspension of the father's jail sentence be lifted and he be immediately incarcerated. After hearing testimony from representatives of the Support Collections Unit regarding the father's failure to comply with his obligation to pay child support, Family Court, by order entered November 2009, lifted the suspension and committed the father to prison for 60 days. The father now appeals from Family Court's July 2009 and November 2009 orders.

As for the order lifting the suspension, we note that the father has served his sentence and his appeal from that portion of Family Court's order is now moot (see Matter of Lewis v Cross, 72 AD3d 1228, 1229 [2010]; Matter of Franklin County Dept. of Social Servs. v Durant, 54 AD3d 1139, 1140 [2008]; Matter of St. Lawrence County Dept. of Social Servs. v Pratt, 24 AD3d 1050 [2005], lv denied 6 NY3d 713 [2006]). Furthermore, it appears that the father, in his appeal of the court's order lifting the suspended jail sentence, is, in part, challenging the findings of fact made by the Support Magistrate that he willfully violated the court's support orders. Not only has the father failed to file objections to these findings of fact after they were rendered (see Family Ct Act § 439 [e]), but he has not received permission to appeal their entry by the Support Magistrate (see Family Ct Act § 1112 [a]; Matter of Sandulescu v Caico, 64 AD3d 905, 906

---

* This Court previously dismissed the father's appeal from Family Court orders finding that he had repeatedly violated an order that he pay child support and directing that he pay arrears as well as the mother's counsel fees (Matter of Sandulescu v Caico, 64 AD3d 905, 907 [2009]).

[2009]; *Matter of Brittenie K.*, 50 AD3d 1203, 1204 n 1 [2008]; *Matter of Jason FF.*, 224 AD2d 900, 900 [1996]).

The father also argues that Family Court had no right to hold a confirmation hearing because the Support Magistrate, in finding that his violation of the court's orders was willful, did not recommend that he be incarcerated or refer the matter to Family Court for a confirmation hearing. Family Ct Act § 439 (a) states that a Support Magistrate's recommendation that an individual be incarcerated for willfully violating an order of support "shall have no force and effect until confirmed by a judge of the court" (Family Ct Act § 439 [a]). The father argues that the Support Magistrate did not recommend that he be incarcerated as a result of the violation and, absent such a recommendation, Family Court was without authority to hold the confirmation hearing that resulted in its July 2009 order imposing the suspended jail sentence.

Initially, we note some ambiguity in the record as to whether the Support Magistrate, after finding the father to be in violation, referred the matter to Family Court for confirmation. While neither party requested that the Support Magistrate's order be confirmed, Family Court's July 2009 order specifically states that the Support Magistrate had "referr[ed] said determination to a Judge of this Court for confirmation in accordance with [Family Ct Act § 439 (a)]." Regardless, we do not agree that simply because the Support Magistrate's order did not contain a recommendation of incarceration, Family Court was without authority to conduct a confirmation hearing. The parties did not waive confirmation proceedings, and nothing in Family Ct Act § 439 (a) or the court rules prohibits the court from conducting such a hearing absent such a recommendation (*see* Uniform Rules for Trial Cts [22 NYCRR] § 205.43 [i]).

Mercure, J.P., Rose, Malone Jr. and Stein, JJ., concur. Ordered that the order entered July 17, 2009 is affirmed, without costs. Ordered that the appeal from the order entered November 19, 2009 is dismissed, without costs.