■ In the Matter of DEANDRE GG., a Child Alleged to be Permanently Neglected. OTSEGO COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; CHARLICE HH., Appellant. [912 NYS2d 801]—

Garry, J. Appeal from an order of the Family Court of Otsego County (Burns, J.), dated July 6, 2009, which granted petitioner's application, in a proceeding pursuant to Social Services Law § 384-b, to adjudicate Deandre GG. a permanently neglected child, and terminated respondent's parental rights.

Respondent is the mother of a son (hereinafter the child), who was born in 2003. In September 2007, the child was placed in foster care for the second time in Otsego County, as a result of respondent's brief incarceration and inability to provide a st-

able home environment. Shortly thereafter, respondent, then pregnant with her second child, relocated to Nassau County to be near that child's father and to live temporarily with her mother. In November 2008, petitioner commenced this proceeding alleging that respondent permanently neglected the child by failing to plan for his future. Following a fact-finding hearing, Family Court adjudicated the child to be permanently neglected. After a dispositional hearing at which respondent failed to appear, the court terminated respondent's parental rights. Respondent now appeals from the dispositional order.

We agree with petitioner and the attorney for the child that the appeal is untimely. Contrary to respondent's contention, a different finding is not required by the absence of notice of entry or of an indication on the face of the challenged order as to the date of its filing. Family Ct Act article 11 is not silent as to the procedures and time limitations applicable to this appeal; thus, the provisions of the CPLR governing appeals upon which respondent relies are not controlling (*see* Family Ct Act §§ 1113, 1118; *Matter of Yamoussa M.*, 220 AD2d 138, 141-142 [1996]). As pertinent here, respondent was required to take her appeal "no later than . . . [35] days from the mailing of the order to the appellant by the clerk of the court" (Family Ct Act § 1113; *see Matter of Alexis BB.*, 285 AD2d 751, 752 [2001]). A notation on the last page of the challenged order indicates that Family Court mailed copies of the order to respondent and her trial counsel on August 24, 2009. The notice of appeal was not filed until January 6, 2010, more than four months later and considerably after the applicable 35-day period had expired. Even if we were to accept respondent's argument that the time period should be measured from November 30, 2009—the date on which she alleges that her trial counsel received the order—we would be constrained to find the appeal untimely since, calculated from that date, 37 days elapsed before the notice of appeal was filed.* Thus, the appeal must be dismissed (*see Matter of Alexis BB.*, 285 AD2d at 752), and we cannot address the merits.

Mercure, J.P., Malone Jr., Kavanagh and Egan Jr., JJ., concur. Ordered that the appeal is dismissed, without costs.

---

* Notably, respondent does not indicate whether or when she received the copy of the order that, according to Family Court's notation, was mailed directly to her.