■ In the Matter of KATHLEEN E., Respondent, v CHARLES F., Appellant. [926 NYS2d 329]—

Garry, J.

Petitioner commenced this proceeding alleging that respondent had violated a temporary order of protection. Family Court conducted a fact-finding hearing, found a willful violation, and ordered respondent to pay petitioner's counsel fees. Petitioner thereafter sought enforcement, alleging failure to pay. Family Court granted the application, and respondent appeals.

The appeal is untimely. An appeal from an order of the Family Court "must be taken no later than [30] days after the service by a party . . . upon the appellant of any order from which

the appeal is taken . . . or [35] days from the mailing of the order to the appellant by the clerk of the court, whichever is earliest" (Family Ct Act § 1113). Such appeal is "taken by filing the original notice of appeal with the clerk of the [F]amily [C]ourt" (Family Ct Act § 1115). It is unclear from the record whether service of the order was effectuated by petitioner or the Family Court Clerk, but it is undisputed that the order was mailed to respondent's counsel on May 20, 2010, and that respondent received the order on June 7, 2010. Measuring the time to appeal from either date, respondent's notice of appeal filed on September 22, 2010 was untimely by more than two months, and this court lacks jurisdiction to proceed (see Matter of Deandre GG. [Charlice HH.], 79 AD3d 1384, 1385 [2010], lv denied 16 NY3d 708 [2011]; Matter of Miller v Mace, 74 AD3d 1442, 1443-1444 [2010], lv denied 15 NY3d 705 [2010]).

In an effort to establish that the appeal was timely, respondent has submitted a letter from the Family Court Clerk referencing a "notice of appeal" filed on July 2, 2010. However, the document bearing that date was not a notice of appeal, but was instead respondent's objections to the order, which are not given effect for the purpose of taking an appeal (see Matter of Sandulescu v Caico, 64 AD3d 905, 906-907 [2009]). Moreover, respondent's belated assertion that he relied on the July 2010 letter is contradicted by his subsequent actions. In September 2010, respondent submitted a signed application for poor person relief to this Court in which he stated that his notice of appeal was filed and served on opposing counsel on September 22, 2010. A copy of the notice of appeal bearing that date was attached, but the objections and July 2010 letter were neither attached nor referenced.* The record—prepared by respondent— identifies the document dated September 22, 2010 as the notice of appeal and does not include the July 2010 letter, which respondent first submitted to this Court as an attachment to his reply brief after the attorney for the child challenged the timeliness of the appeal. A copy of the July 2010 objections appears elsewhere in the record but is undated, unsigned, and bears no date stamp. Accordingly, we conclude that the notice of appeal was not timely filed.

Mercure, J.P., Rose, Lahtinen and Kavanagh, JJ., concur. Ordered that the appeal is dismissed, without costs.

---

* The application for poor person relief is not included in the record on appeal, but is contained in the records of this Court, of which we may take judicial notice (see Matter of Miller v Mace, 74 AD3d at 1444 n; Matter of Lewis v Cross, 72 AD3d 1228, 1230 [2010]).