■ In the Matter of KEVIN C., Respondent, v CLAUDIA C., Appellant. [933 NYS2d 913]—

McCarthy, J.

Petitioner sought to modify a prior order providing the parties with joint legal and physical custody of their two children. By order entered November 17, 2009, Family Court granted the application by awarding petitioner sole legal and physical custody, with visitation to respondent. As reflected in a letter from the attorney for the children, as well as an affidavit of service, that attorney mailed the order to each parent's counsel on November 19, 2009. Respondent filed and served a notice of appeal on January 4, 2010.

We now dismiss the appeal as untimely. As relevant here, "[a]n appeal . . . must be taken no later than [30] days after the service by a party or the child's attorney upon the appellant of any order from which the appeal is taken" (Family Ct Act § 1113). Service by mail is complete upon mailing, and five days are added to the prescribed period when service is by mail (*see* CPLR 2103 [b]). Generally, "papers to be served upon a party in a pending action shall be served upon the party's attorney" (CPLR 2103 [b]; *see* Family Ct Act § 165 [a]; § 1118). Here, the affidavit of service created a presumption that a proper mailing occurred on November 19, 2009 (*see Engel v Lichterman*, 62 NY2d 943, 944 [1984]; *Andersen v Mazza*, 193 AD2d 898, 899 [1993]). Respondent did not present any evidence that rebutted the presumption. Thus, respondent had to file and serve her notice of appeal not more than 35 days from the date that the attorney for the children mailed the order to respondent's attorney. Because respondent did not meet that deadline, her appeal is untimely and we lack jurisdiction to consider it (*see Matter of Kathleen E. v Charles F.*, 86 AD3d 669, 670 [2011]; *Matter of Deandre GG. [Charlice HH.]*, 79 AD3d 1384, 1385 [2010], *lv denied* 16 NY3d 708 [2011]).

Peters, J.P., Lahtinen, Stein and Garry, JJ., concur. Ordered that the appeal is dismissed, without costs.