■ In the Matter of WASHINGTON COUNTY DEPARTMENT OF SOCIAL SERVICES, on Behalf of ANDREA C. DUPUIS, Respondent, v MICHAEL E. COSTELLO, Appellant. [975 NYS2d 255]—

Spain, J. Appeal from an order of the Family Court of Washington County (Pritzker, J.), entered November 26, 2012, which granted petitioner's application, in a proceeding pursuant to Family Ct Act article 4, to hold respondent in willful violation of a prior order of support.

In June 2012, petitioner commenced this proceeding on behalf of Andrea C. Dupuis (hereinafter the mother), alleging that respondent (hereinafter the father) was in violation of a 2010 support order directing him to pay $113 per week to support his daughter (born in 2008).* Following a hearing in October 2012, at which the father testified via telephone, a Support Magistrate found him in willful violation of his support obligation, entered judgment in favor of the mother for the sum of $6,362.75, recommended that the father be committed to the Washington County jail for 45 days and referred the proceeding to Family Court for confirmation. The court held a confirmation hearing in November 2012 at which the father appeared with counsel but did not testify. The court confirmed the willful violation finding and ordered that the father be incarcerated for a period of 90 days unless he purged his contempt by paying $5,000 to the local Support Collection Unit, which he did not do, resulting in his commitment to jail. The father now appeals.

---

* Although the father appealed from the underlying support order entered February 1, 2010, he never perfected that appeal.

Initially, contrary to petitioner's assertion that the father's appeal has been rendered moot by his completion of the 90-day jail sentence, the father challenges Family Court's finding of willfulness, which has not been rendered moot by the completion of his incarceration (*see Matter of France v Buck*, 299 AD2d 716, 716 [2002]; *Matter of Reed v Reed*, 240 AD2d 951, 952 [1997]). The father argues that Family Court erred by confirming the Support Magistrate's finding of a willful violation without considering his testimony from the October 2012 hearing held before the Support Magistrate and requests that this Court vacate the order of the court and dismiss the petition. While a Support Magistrate has the authority to determine that a respondent is in willful violation of an order, a determination recommending commitment "shall have no force and effect until confirmed by a judge of [Family C]ourt" (Family Ct Act § 439 [a]; *see Matter of Commissioner of Social Servs. v Dockery*, 96 AD3d 1119, 1120 [2012]; *Matter of Clark v Clark*, 85 AD3d 1350, 1350 [2011], *lv dismissed* 17 NY3d 846 [2011], 18 NY3d 918 [2012]). The court "may confirm the findings of the support magistrate by adopting [the] findings and recommendations in whole or in part" or "may modify or refuse to confirm the findings and recommendations and may refer the matter back to the support magistrate for further proceedings" (22 NYCRR 205.43 [i]). In addition, the court may conduct its own evidentiary hearing to determine whether a willful violation has occurred (*see* 22 NYCRR 205.43 [i]; *Matter of Sandulescu v Caico*, 77 AD3d 1121, 1123 [2010]).

Here, the father requested a confirmation hearing and, after Family Court adjourned to review the record, it advised the parties that an evidentiary hearing would be held. The court expressly stated that it was going to "take some testimony" and that the hearing would include "openings[,] . . . summations, cross examin[ation and] . . . actual testimony." The court advised the parties that it would take judicial notice of the court records of the parties' prior proceedings, including, among other things, the decision and order of disposition of the Support Magistrate regarding this violation, which included the Support Magistrate's findings of fact (*see* Family Ct Act § 439 [a], [d]). Petitioner then presented sufficient evidence to establish the father's willful violation of the support order, through the testimony of a child support investigator employed by petitioner and the records of the Support Collection Unit (*see Matter of Christiani v Rhody*, 90 AD3d 1090, 1091 [2011], *lv denied* 18 NY3d 809 [2012]; *Matter of Santana v Gonzalez*, 90 AD3d 1198, 1200 [2011]). The father chose not to testify at the confirmation hearing, instead relying solely on his counsel's opening and

closing statements, both of which summarized the father's testimony before the Support Magistrate. In its order confirming the Support Magistrate's willful violation finding, the court noted that the father had chosen not to testify and had proffered no evidence in his defense. The court further asserted that "no explanation [was] offered [by the father] for nonpayment."

It is not clear, as argued by the father, whether Family Court took the father's October 2012 testimony into consideration when it confirmed the Support Magistrate's findings. Nonetheless, our review of the transcript of the hearing before the Support Magistrate reveals that the father did not dispute that petitioner met its burden of presenting a prima facie case supporting the finding that he had violated the support order and was in arrears (see Family Ct Act § 454 [3] [a]); rather, he argued that his inability to pay rendered his violation not willful (see Matter of Thomas v Sylvester, 95 AD3d 1488, 1489 [2012]). He testified that he had made only between $50 and $105 since March 2012, but admitted that he had not paid any child support out of those sums. He further testified that, while he had been self-employed as a licensed firearms dealer and gunsmith, the county had confiscated his bank account and he was therefore unable to purchase inventory for his business. The father also blamed his hardship on the economy, governmental regulations and the loss of his driver's license, but he admitted that he had not applied for any jobs in about three to four months and presented no evidence, other than his own unsupported testimony, to support his claim that he was looking for work. He further testified that he lived alone in a house that he owned without a mortgage, for which his father paid the phone bill and taxes, and that he received food stamps and heating assistance.

According to the father, he could not work because he had plantar fasciitis, a condition where the tendons on the bottom of his foot were torn, which made it hard to stand or walk for long periods of time. However, he had not seen a doctor for this condition and he offered no medical or documentary evidence to support his claim of disability. Notably, it appears that the father stopped paying any child support at least two months before that injury. Although, for a period of time, the father was paying $25 a month, he was then imprisoned—on an earlier finding of a willful violation—for 15 days in March 2012 and he never resumed paying even that amount, which was significantly less than his ordered support obligation. Based on our review of the record of the Support Magistrate's hearing, we find that the

father failed to present competent and credible evidence of his inability to pay and, thus, any error in Family Court's failure to consider that testimony was harmless (*see Matter of Bonneau v Bonneau*, 97 AD3d 917, 918 [2012], *lv denied* 19 NY3d 815 [2012]; *Matter of Thomas v Sylvester*, 95 AD3d at 1489; *Matter of Santana v Gonzalez*, 90 AD3d at 1200; *Matter of Freedman v Horike*, 68 AD3d 1205, 1206-1207 [2009], *lv dismissed and denied* 14 NY3d 811-812 [2010]). Accordingly, the court's order should be affirmed.

Lahtinen, J.P., McCarthy and Egan Jr., JJ., concur. Ordered that the order is affirmed, without costs.