Matter of Fraser v Fraser (2020 NY Slip Op 04067)





Matter of Fraser v Fraser


2020 NY Slip Op 04067


Decided on July 17, 2020


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on July 17, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: PERADOTTO, J.P., LINDLEY, CURRAN, BANNISTER, AND DEJOSEPH, JJ.


643 CAF 19-00176

[*1]IN THE MATTER OF IAN D. FRASER, PETITIONER-RESPONDENT,
v
JESSICA M. FRASER, RESPONDENT-APPELLANT. 






SUSAN E. GRAY, CANANDAIGUA, FOR RESPONDENT-APPELLANT. 
SHARON P. O'HANLON, MANLIUS, FOR PETITIONER-RESPONDENT. 
DONNA M. CATHY, WATERLOO, ATTORNEY FOR THE CHILDREN. 


 Appeal from an order of the Family Court, Ontario County (Brian D. Dennis, J.), entered October 1, 2018 in a proceeding pursuant to Family Court Act article 6. The order, inter alia, granted sole legal custody of the parties' biological children to petitioner and granted guardianship of respondent's biological daughter to petitioner. 
It is hereby ORDERED that said appeal is unanimously dismissed without costs.
Memorandum: In this Family Court Act article 6 proceeding, respondent mother appeals from an order that, inter alia, granted petitioner father sole legal custody and primary physical placement of their biological children and guardianship of the mother's biological daughter, with supervised visitation to the mother. We agree with the Attorney for the Children that the mother's notice of appeal was not timely. Pursuant to Family Court Act § 1113, an appeal from a Family Court order "must be taken no later than thirty days after the service by a party or the child's attorney upon the appellant of any order from which the appeal is taken, thirty days from receipt of the order by the appellant in court or thirty-five days from the mailing of the order to the appellant by the clerk of the court, whichever is earliest." "When service of the order is made by the court, the time to take an appeal shall not commence unless the order contains [a statutorily required] statement and there is an official notation in the court record as to the date and the manner of service of the order" (id.).
Here, Family Court's order complied with the statutory requirements of the Family Court Act. Further, the court served its order on the parties and counsel in court on September 24, 2018, and the notice of appeal was not filed until November 2, 2018. Consequently, the mother's appeal is untimely (see Matter of Miller v Mace, 74 AD3d 1442, 1443 [3d Dept 2010], lv denied 15 NY3d 705 [2010]; see generally Matter of Arkadian S. [Crystal S.], 130 AD3d 1457, 1458 [4th Dept 2015], lv dismissed 26 NY3d 995 [2015]), and we therefore must dismiss it because we "lack jurisdiction to consider her appeal" (Miller, 74 AD3d at 1444).
Entered: July 17, 2020
Mark W. Bennett
Clerk of the Court