20-3124-cv
Thomas v. Martin-Gibbons

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

*Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by federal rule of appellate procedure 32.1 and this court's local rule 32.1.1. When citing a summary order in a document filed with this court, a party must cite either the federal appendix or an electronic database (with the notation "summary order"). A party citing to a summary order must serve a copy of it on any party not represented by counsel.*

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 24th day of May, two thousand twenty-one.

PRESENT:
>     Robert A. Katzmann,
>     Barrington D. Parker,
>     Steven J. Menashi,
> 
>             *Circuit Judges.*

---

SUZZETTE THOMAS, TIESHA ORTIZ, JOSE ORTIZ,

>     *Plaintiffs-Appellants,*

J.O.,

>     *Plaintiff,*

>     *v.*                                         No. 20-3124

PATRICIA L. MARTIN-GIBBONS, ESQ. ATTORNEY, ROBERT D. MULRAY, JUDGE (FAMILY), THE CHILDREN'S LAW CENTER, LEGAL ASSISTANCE, THE CITY OF NEW YORK, THE STATE OF NEW YORK, MARTHA SCHNEIDERMAN, LEGAL ASSISTANCE,

*Defendants-Appellees,*

DANA J. WILSON-HAYNES, VINOLA WILSON, CARL JOSEPH HAYNES,

*Defendants.*

---

*For Plaintiffs-Appellants:*  Suzzette Thomas, Tiesha Ortiz, Jose Ortiz, pro se, Bronx, NY.

*For Defendants-Appellees:*  Wendy B. Shepps, Mount Cotton Wollan & Greengrass LLP, New York, NY (for Patricia L. Martin-Gibbons);

Barbara D. Underwood, Solicitor General, Steven C. Wu, Deputy Solicitor General, David Lawrence III, Assistant Solicitor General, *for* Letitia James, Attorney General of the State of New York, New York, NY (for Robert D. Mulray and the State of New York);

2

Ingrid R. Gustafson, Philip C. Young, Assistant Corporation Counsel, *for* James E. Johnson, Corporation Counsel of the City of New York, New York, NY (for the City of New York);

Janet Neustaetter, Children's Law Center, Brooklyn, NY (for Martha Schneiderman and the Children's Law Center).

Appeal from a judgment of the United States District Court for the Southern District of New York (Ramos, J.).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Plaintiffs-Appellants Suzette Thomas, Tiesha Ortiz, and Jose Ortiz, *pro se*, appeal from the district court's orders vacating the entry of defaults against four defendants and dismissing the amended complaint. The plaintiffs-appellants are the maternal grandparents and aunt of the minor child, J.O. They sued, *pro se*, numerous defendants (including paternal relatives, a judge, attorneys, and the State and City of New York) under 42 U.S.C. § 1983, 18 U.S.C. §§ 241 and 242, and

3

state law. They alleged that the defendants illegally permitted J.O. to be kidnapped by his father, Dana Wilson-Haynes, defamed them by filing false police reports, and denied them access to J.O. The district court vacated defaults entered against four of the defendants. It subsequently dismissed the amended complaint. While the case was on appeal, Jose Ortiz died, and the remaining plaintiffs moved to have J.O. released to them so that he could attend the funeral.

We affirm the lower court's judgment and deny the motion. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

**I**

The plaintiffs argue that defendants Wilson-Haynes, Carl Haynes, Vinola Wilson, and Patricia Martin-Gibbons defaulted and that the district court erred by vacating the defaults entered against them. We review decisions on motions to vacate entry of a default for abuse of discretion. *See Enron Oil Corp. v. Diakuhara*, 10 F.3d 90, 95 (2d Cir. 1993).

The district court did not abuse its discretion by vacating the defaults entered against the said defendants. Rule 55(a) permits the entry of default if the

4

defendant "has failed to plead or otherwise defend" himself. Here, however, the district court granted the defendants an extension of time until December 2019 to file motions to dismiss, so they were not in default in November 2019 when the plaintiffs sought entry of the defaults. Therefore, vacatur of the defaults was appropriate.

## II

We also affirm the district court's dismissal of the amended complaint. "We review the grant of a motion to dismiss *de novo*, accepting as true all factual claims in the complaint and drawing all reasonable inferences in the plaintiff's favor." *Fink v. Time Warner Cable*, 714 F.3d 739, 740-41 (2d Cir. 2013).[1]

The district court properly dismissed the claims against the State of New York and Family Court Judge Robert Mulray in his official capacity based on Eleventh Amendment immunity. The Eleventh Amendment precludes suits against a state unless the state expressly waives its immunity or Congress

---

[1] The district court properly dismissed the claims against Vinola Wilson and Carl Haynes *sua sponte*, as it has inherent authority to "dismiss a frivolous complaint *sua sponte* even when the plaintiff has paid the required filing fee." *Fitzgerald v. First E. Seventh St. Tenants Corp.*, 221 F.3d 362, 364 (2d Cir. 2000). Although we have not decided whether such a dismissal is reviewed *de novo* or for abuse of discretion, the district court's decision to dismiss the plaintiffs' complaint "easily passes muster" under *de novo* review. *Id.* at n.2.

abrogates that immunity. *See CSX Transp., Inc. v. N.Y. State Office of Real Prop. Servs.*, 306 F.3d 87, 95 (2d Cir. 2002). This includes suits against state officials in their official capacities. *See Davis v. New York*, 316 F.3d 93, 101 (2d Cir. 2002). New York has not waived its immunity for damages claims brought under 42 U.S.C. § 1983, *see Trotman v. Palisades Interstate Park Comm'n*, 557 F.2d 35, 38-40 (2d Cir. 1977), nor has Congress abrogated it in enacting § 1983, *see Dube v. State Univ. of N.Y.*, 900 F.2d 587, 594 (2d Cir. 1990).

The district court properly dismissed the claims against Judge Mulray in his individual capacity based on absolute judicial immunity. "It is well settled that judges generally have absolute immunity from suits for money damages for their judicial actions," and "even allegations of bad faith or malice cannot overcome judicial immunity." *Bliven v. Hunt*, 579 F.3d 204, 209 (2d Cir. 2009). Judicial immunity is overcome in only two circumstances: (1) "a judge is not immune from liability for nonjudicial actions, *i.e.*, actions not taken in the judge's judicial capacity"; and (2) "a judge is not immune for actions [that], [al]though judicial in nature, [were] taken in the complete absence of all jurisdiction." *Mireles v. Waco*, 502 U.S. 9, 11-12 (1991) (per curiam). "[T]he Supreme Court has generally

6

concluded that acts arising out of, or related to, individual cases before the judge are considered judicial in nature." *Bliven*, 579 F.3d at 210.

As a family court judge, Judge Mulray had jurisdiction to decide issues of child custody and visitation. *See* N.Y. Family Ct. Act § 651. He was acting in his judicial capacity when presiding over J.O.'s custody case and issuing orders concerning custody and visitation. *See Bliven*, 579 F.3d at 210. In their reply brief, the plaintiffs argue that Judge Mulray lacked jurisdiction because he illegally awarded custody of J.O. to Wilson-Haynes. But "allegations of bad faith or malice cannot overcome judicial immunity." *Id.* at 209. Even if Judge Mulray's decisions were incorrect, he was not acting without jurisdiction and is therefore entitled to judicial immunity.

## III

In the plaintiffs' amended complaint, they also request custody of J.O. through a reversal of Judge Mulray's orders (i) granting Wilson-Haynes full custody, (ii) approving of Wilson-Haynes and J.O.'s relocation to California, and (iii) issuing protective orders against the plaintiffs. The plaintiffs additionally challenge Judge Mulray's decisions denying visitation rights to Thomas and

Tiesha Ortiz. The district court dismissed these claims pursuant to the *Rooker-Feldman* doctrine and the domestic relations exception to federal jurisdiction. We affirm that decision.

The *Rooker-Feldman* doctrine prevents courts from reviewing "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 283-84 (2005). This court has clarified that the *Rooker-Feldman* doctrine bars an action when the federal plaintiff: (i) lost in state court; (ii) commenced his federal action after suffering the state-court loss; (iii) complains of injuries caused by the unfavorable state-court ruling; and (iv) asks the federal court to reject the state court's ruling. *See Holbock v. Albany Cnty. Bd. of Elections*, 422 F.3d 77, 85 (2d Cir. 2005).

Here, these elements are met. First, the plaintiffs lost custody of J.O. in family court. Second, the plaintiffs filed the present action eight months after the family court's decisions were entered, alleging that the family court deprived them

8

of their constitutional right to associate with J.O.[2] Third, the alleged injury—

violation of "Plaintiffs Human, Civil and Constitutional rights" because

"[c]ustody was illegally TAKEN from Plaintiff Shanequa Ortiz"—resulted directly

from the adverse custody ruling. Appellants' Br. at 14-16. Fourth, the plaintiffs ask

this court to reverse the family court's decision. *See id.* at 15-17. Accordingly, the

*Rooker-Feldman* doctrine precludes the plaintiffs' claims for injunctive relief.

As a general matter, the domestic relations exception provides that federal

courts will not exercise subject matter jurisdiction "where a federal court is asked

to grant a divorce or annulment, determine support payments, or award custody

of a child." *Am. Airlines, Inc. v. Block*, 905 F.2d 12, 14 (2d Cir. 1990); *see also*

*Ankenbrandt v. Richards*, 504 U.S. 689, 699-704 (1992). This court has articulated a

related domestic relations abstention doctrine, holding that "even if subject matter

jurisdiction lies," a "federal court presented with matrimonial issues or issues 'on

the verge' of being matrimonial in nature should abstain from exercising

---

[2] *See Fraser v. Fraser*, 128 N.Y.S.3d 713, 714 (App. Div. 2020) (noting that an appeal from a decision of the family court must be taken no later than thirty-five days after an order is issued). The record does not indicate that the plaintiffs timely appealed the family court decision, and therefore it appears that the state-court proceedings had ended.

jurisdiction so long as there is no obstacle to their full and fair determination in state courts." *Am. Airlines*, 905 F.2d at 14; *see also Deem v. DiMella-Deem*, 941 F.3d 618, 623-25 (2d Cir. 2019).

The plaintiffs' claims for injunctive relief address the awarding of custody of J.O., and therefore those claims are barred by the domestic relations exception doctrine to the extent the claims are based on state law and invoke federal diversity jurisdiction. To the extent the claims are based on federal law, the district court did not err in abstaining from exercising jurisdiction. *See Am. Airlines*, 905 F.2d at 14. The claims "begin and end in a domestic dispute," and "[s]tates are better suited to that adjudication." *Schottel v. Kutyba*, No. 06-1577, 2009 WL 230106, at *1 (2d Cir. Feb. 2, 2009) (summary order).

**IV**

In addition to injunctive relief, the plaintiffs seek damages for an alleged conspiracy among the Children's Law Center and its employees, Judge Mulray, and the State of New York to take away custody of J.O. The district court did not rely on the *Rooker-Feldman* doctrine or on the domestic relations exception and abstention doctrines to dismiss the plaintiffs' damages claims. But a court may

10

dismiss "claims for monetary damages under the *Rooker-Feldman* doctrine" if those claims "seek damages in conjunction with the orders … entered against them in state court." *Lawson v. City of Buffalo*, 52 F. App'x 562, 563 (2d Cir. 2002) (summary order); *see also Hachamovitch v. DeBuono*, 159 F.3d 687, 694 (2d Cir. 1998) ("[A] federal court lacks jurisdiction over any claims that are 'inextricably intertwined' with a state court's determinations in a judicial proceeding."). With respect to domestic relations, moreover, "a plaintiff cannot obtain federal jurisdiction merely by rewriting a domestic dispute as a tort claim for monetary damages." *Schottel*, 2009 WL 230106, at *1.

Because the damages claims also challenge the state family court's determinations in the custody proceedings, we affirm the dismissal of these claims on the threshold grounds of the *Rooker-Feldman* doctrine and the domestic relations exception and abstention doctrines.

## V

Additionally, the plaintiffs allege that Wilson-Haynes, Wilson, and Martin-Gibbons filed a false police report against them that ultimately led to the loss of custody of J.O. To the extent that the plaintiffs bring this claim under 42 U.S.C.

11

§ 1983, it fails because the defendants against whom the claim was brought are not state actors, *see Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 50 (1999), and because it is not adequately alleged that the private defendants acted in concert with a state actor to deprive the plaintiffs of their rights, *see Pangburn v. Culbertson*, 200 F.3d 65, 72 (2d Cir. 1999). The plaintiffs, instead, allege only that the private defendants made false statements to the police, which is not sufficient to show that "the conduct allegedly causing the deprivation of a federal right can be fairly attributable to the State." *Spear v. Town of W. Hartford*, 954 F.2d 63, 68 (2d Cir. 1992) (alteration omitted).

To the extent that the plaintiffs might be understood to state a claim under state law for defamation or fraud, we hold that the district court did not abuse its discretion by declining to exercise supplemental jurisdiction over such a claim. *See Kolari v. N.Y.-Presbyterian Hosp.*, 455 F.3d 118, 122 (2d Cir. 2006).

Ordinarily, a district court should not dismiss a *pro se* plaintiff's complaint without granting leave to amend "when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000). But, as discussed above, two of the defendants were immune

12

from suit and there is no indication that the complaint's pleading deficiencies could be cured through amendment. The district court properly dismissed the complaint without leave to amend.

## VI

We deny the plaintiffs' motion to have J.O. released to them to attend Jose Ortiz's funeral as moot. The funeral was to have occurred in the first or second week of March and there is no reason to grant the motion after the funeral has occurred. Even if it were not moot, we would deny the motion on the grounds of the *Rooker-Feldman* doctrine and the domestic relations exception and abstention doctrines, for substantially the same reasons as discussed above.

\* \* \*

We have considered the plaintiffs' remaining arguments, which we conclude are without merit. Accordingly, we **AFFIRM** the judgment of the district court and **DENY** as moot the motion to have J.O. released to the plaintiffs' custody.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

13